### BECK v. DOWNEY et al.

No. 12642.

United States Court of Appeals, Ninth Circuit.

Aug. 6, 1951.

Rehearing Denied Oct. 8, 1951.

Chas. I. Rosin, Los Angeles, Cal., for appellant.

Ben C. Cohen and Alfred Lubin, Los Angeles, Cal., for appellee Jennie B. Downey.

Before HEALY, Circuit Judge, and FEE and GOODMAN, District Judges.

GOODMAN, District Judge.

This litigation, commenced in the State Court of California and removed to the United States District Court for the Southern District of California on the ground of diversity of citizenship involves a dispute between the heirs of an estate and a contingent beneficiary named in two life insurance policies, as to the distribution of the proceeds of the policies.

Lila L. Downey, a resident of California, while visiting in Iowa with her husband David A. Downey, also a resident of California, on July 20, 1946, applied to Peoples Life Insurance Company, a corporation of Indiana, for two insurance policies on her life. In the applications for the policies Lila L. Downey applied to "make the policies payable at death to David A. Downey, her husband, if living, otherwise to Jennie B. Downey of Bloomfield, Iowa, mother-in-law" (of the insured). Each policy was issued on August 12, 1946; in each policy Peoples Life Insurance Company agreed to pay "the sum of $5000 at the home office of the company in Frankfort, Indiana, upon receipt * * * of due proof of the interest of the claimant and of the death of Lila L. Downey, the insured, to David A. Downey, husband, as beneficiary, if living; otherwise to Jennie B. Downey, mother-in-law, as contingent beneficiary." The policies were delivered in Iowa.

On July 18, 1947, in the State of Colorado, David A. Downey killed his wife. He was subsequently convicted of murder and sentenced to life imprisonment in the State Prison in Colorado and his conviction was affirmed by the highest court of that state.[1] Downey v. People, 1950, 121 Colo. 307, 215 P.2d 892.

Thereafter Herbert Beck of California, in California, was appointed administrator of the estate of Lila A. Downey and sued Peoples Life Insurance Company to recover the proceeds of the policies. The cause was removed to the United States District Court for the Southern District of California. Peoples Life Insurance Company answered and interpleaded itself and paid the proceeds into Court, alleging that David A. Downey, then confined in the State Prison of Colorado, and Jennie B. Downey, the contingent beneficiary named in the policies, claimed an interest in the proceeds. David A. Downey and Jennie B. Downey were made third party defendants in the litigation, which then proceeded to trial.

The District Court awarded the proceeds to the cross-defendant Jennie B. Downey on the theory that David A. Downey, although living, was, pursuant to California law, *civilly* dead and hence the contingent beneficiary was entitled to take the proceeds. Since the facts were stipulated, the Court below had only a question of law to decide.

We think the District Court was in error and that the judgment must be reversed.

---

[1]. The record here does not disclose the reason for the presence of the Downeys in Colorado. But the Supreme Court of Colorado states the fact to be that they were there on a vacation trip en route from Iowa to California.

■ It is not disputed that David A. Downey, the murderer beneficiary, is precluded from receiving the proceeds of the insurance policies. Sound public policy has prompted courts in almost all jurisdictions, including California, to support this doctrine. See Love v. Wilcox, 119 Tex. 256, 28 S.W.2d 515, 70 A.L.R. 1539; State v. Phoenix Mut. L. Ins. Co., 114 W.Va. 109, 170 S.E. 909, 91 A.L.R. 1486; Drown v. New Amsterdam Casualty Co., 175 Cal. 21, 165 P. 5; Meyer v. Johnson, 115 Cal.App. 646, 2 P.2d 456; West Coast Life v. Crawford, 58 Cal.App.2d 771,[2] 138 P.2d 384. The public policy motivating these decisions is, of course, that a killer should not profit from his wrongdoing.

■ But who is entitled to the policy proceeds as between the insured's estate and the contingent beneficiary requires resolution of a different question. The contingency, which was a condition precedent to Jennie B. Downey's right to the proceeds, was that David A. Downey be not "living" at the time of the death of the insured. In the ordinary meaning of the word "living," the contingency conditioning Jennie B. Downey's right to the fund never occurred. For when Lila L. Downey died in Colorado on July 18, 1947, David A. Downey was "living." The public policy that prevented David A. Downey from receiving the proceeds does not produce the result of vesting the fund in the contingent beneficiary. The Court below, as well as the contingent beneficiary erroneously assumed that the so-called status of "civil death," imposed by California statute upon adjudged life convicts in California, meets the contingency provided in the policies. But the disability of "civil death," assuming that, for the moment, it applies here, did not arise at the time of death of Lila L. Downey, but only at a subsequent time as a result of the Colorado Court's judgment.[3] Without more, this is sufficient to negate the result arrived at below.

■ The words "if living" must be interpreted in their ordinary common sense meaning,[4] namely, that the insured intended the proceeds to go to her mother-in-law, if the beneficiary was not alive but was "dead and buried." Had there been an intent to have the proceeds go to the contingent beneficiary in the event of any *incapacity* of the beneficiary, while alive, to take the proceeds, plain language to that effect could and certainly would have been used. We think the language of the policies was clear and unequivocal. Any disability of the beneficiary such as "civil death," assuming it to be applicable in this case, constituted a sanction or penalty imposed upon the beneficiary David A. Downey and affected only his rights and privileges.

■ There is a further reason why the judgment below is erroneous. Because this is California litigation, appellee has assumed that the contracts of insurance must be interpreted according to California law, and that, ergo, the so-called California "civil death" statute applies. The record shows that the policies were applied for in Iowa, were issued in Indiana and delivered to the insured in Iowa. So far as the "place of performance" is concerned, we find that the policies provide for payment of the death benefit in Indiana and for payment of the premiums "at the home office of the company (i. e. Frankfort, Indiana) or to a designated collector." This is the only evidence before us as to place of performance. The first payment of premium was made in Iowa at the time of execution of the contracts. Death of the assured occurred before the due date of the second annual premiums. Since the record shows that California was not the place where performance of the contracts was to be had, there is no basis for attempting to interpret the contract according to California law or usage. § 1646 of the California Civil Code provides: "A contract is to be interpreted according to the law and

---

2. Colorado has put the doctrine into statutory form. Colo.Stats.Ann.1949, Vol. 4B, chap. 176, Sec. 12. See Smith v. Greenburg, 1950, 121 Colo. 417, 218 P.2d 514.

3. See § 2601, Cal.Penal Code, infra.

4. Paul Revere Life Ins. Co. v. Stanfield, 10 Cir., 151 F.2d 776; Equitable Life Assur. Soc. v. Deem, 4 Cir., 91 F.2d 569, 575; Whitney v. Union Central Life Ins. Co., 8 Cir., 47 F.2d 861, 864.

usage of the place where it is to be performed; or, if it does not indicate a place of performance, according to the law and usage of the place where it is made."

But even assuming the pertinency of California law in interpreting the contracts' language, there is an insurmountable obstacle preventing consideration of the "civil death" provision in deciding this cause.

 The so-called doctrine of the "civil death" of life convicts does not generally obtain in the United States. It prevails only in a few states that have statutorily authorized it. In these states, "civil death" is considered to be coincident only with the period of imprisonment. 18 C.J. S., Convicts, § 4, p. 103. California is one of such states. In that part of the penal code of California, which deals with the administration of California prisons, is found Section 2601 which provides as follows: "A person sentenced to imprisonment in the State prison for life is *thereafter* deemed civilly dead. But the board may restore to such person during his imprisonment such civil rights as the board may deem proper, except the right to act as a trustee, or hold public office, or exercise the privilege of an elector, or give a general power of attorney." (Emphasis added.) The "board" referred to is the "Adult Authority" of the State of California § 2599, Penal Code. [5]

It is too obvious to require enlargement that the section just quoted refers to persons sentenced to imprisonment for life in California State prison.

 David A. Downey's offense was committed in the State of Colorado. Research discloses that the State of Colorado has no such statutory provision, nor have the courts of Colorado imposed such disability upon those imprisoned for life in Colorado. [6] Since the offense was committed in Colorado, it is the State of Colorado which alone may determine the disability resulting from life imprisonment in that state.

 Appellee contended that we must indulge in the presumption, absent pleading or proof, that Colorado law is the same as that of California. This contention is unmeritorious. There is no such presumption in California since the amendment of 1927 to Section 1875 of the California Code of Civil Procedure, which authorizes the courts of California to take judicial notice of "the laws of the several states of the United States and the interpretation thereof by the highest courts of appellate jurisdiction of such states". Subd. 3, Section 1875, California Code of Civil Procedure in part as amended by the Statutes of 1927, page 110.

We need not inquire into the law of Indiana where the policies were issued, or of Iowa where the policies were delivered. Neither Indiana nor Iowa, like California, could impose a disability upon Colorado life convicts, non-existent under Colorado law.

 Since the contingent beneficiary under the terms of the policies is not entitled to the proceeds thereof, it follows that the judgment should have been in favor of the administrator of the estate of Lila L. Downey.

The judgment below is reversed and the district court is directed to enter judgment in favor of the Administrator.

---

5. It is clear that in California, "civil death" does not commence until sentence is imposed.

6. Colorado imposes only certain disabilities upon convicts. All prisoners are denied the right to vote. Colorado Constitution, Art. VII, Sec. 10; Colo.Stats.Ann.1935, Vol. 3, Chap. 59, Sec. 14. All persons convicted of a felony are disqualified from holding office or practicing law. Colo.Stats.Ann.1935, Vol. 2, Chap. 48, Sec. 533. All persons convicted of certain crimes (murder, however, not being included) are declared infamous and disqualified from holding office, voting, or serving as a juror. Colo.Stats.Ann.1935, Vol. 2, Chap. 48, Sec. 534. Any convict who has been pardoned or has served his full sentence is restored to all the rights of citizenship. Colorado Constitution, Art. VII, Sec. 10; Colo.Stats.Ann. 1935, Vol. 3, Chap. 59, Sec. 14; Colo. Stats.Ann.1949, Vol. 4A, Chap. 131, Sec. 80.