W. C. BULLOCK, ADMINISTRATOR OF THE ESTATE OF PINK BULLOCK (WILLIE P. BULLOCK), DECEASED, v. EXPRESSMEN'S MUTUAL LIFE INSURANCE COMPANY, RUDOLPH PINK BULLOCK, A MINOR, TALMADGE L. NARRON, GUARDIAN AD LITEM FOR RUDOLPH PINK BULLOCK, MINOR, AND MAYDIE TAYLOR BULLOCK.

(Filed 10 October, 1951.)

**1. Insurance § 36b (4)—**

When the wife feloniously kills her husband she is not entitled to receive the proceeds of an insurance policy on his life, even though she be named beneficiary therein. G.S. 28-10, G.S. 30-4, G.S. 52-19.

**2. Insurance § 36b (1)—**

The person entitled to the proceeds of a life insurance policy must be determined in accordance with the contract between the insurer and the insured, and the courts have no power to write into the contract any provision that is not there in fact or by implication of law in order to effectuate a presumed intent of insured.

**3. Convicts and Prisoners § 1—**

A person sentenced to imprisonment for a term of years retains his property rights unless otherwise provided by statute, the doctrine of *civiliter mortuus* not being recognized in this State.

**4. Insurance § 36b (1)—**

The policy in suit provided that the proceeds should be paid to insured's wife if living or to the insured's foster son if insured's wife predeceased insured. The insured was feloniously slain by his wife, and she was sentenced to imprisonment for manslaughter. *Held:* The foster son is not entitled to the proceeds of the policy even though insured's wife forfeited her right thereto, since under the terms of the policy his interest was contingent upon the wife predeceasing insured, and the proceeds should be paid to insured's administrator for payment of his debts and distribution of the surplus to his next of kin.

VALENTINE, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Harris, J.,* June Term, 1951, of WILSON.

This was a suit on a policy of insurance on the life of Willie P. Bullock. The defendant Insurance Company paid into court the amount due on the policy, leaving to be determined which of two rival claimants, the administrator of the insured or a contingent beneficiary, Rudolph Pink Bullock, was entitled to the fund.

The policy of insurance issued by defendant Insurance Company on the life of Willie P. Bullock named the beneficiary therein as "Maydie Taylor Bullock, wife of the insured, if living, or if not living to Rudolph Pink Bullock, son of the insured." It was admitted that Willie P. Bullock died intestate 2 October, 1950, as result of bullet wound inflicted by his wife, Maydie Taylor, and that she was convicted of manslaughter therefor and sentenced to State's Prison for a term of five to ten years. This sentence she is now serving. Rudolph Pink Bullock, referred to in the policy as the son of the insured, is not a natural or adopted son nor related by blood to the insured or his wife, but had been cared for by them since childhood.

Maydie Taylor Bullock, made a party and served with process, did not answer.

Upon the facts admitted in the pleadings the court adjudged that Rudolph Pink Bullock was entitled to the proceeds of the policy. Plaintiff administrator of the insured excepted and appealed.

*Thomas J. Moore, A. C. Owens, and L. H. Gibbons for plaintiff, appellant.*

*Talmadge L. Narron for defendant, appellee.*

DEVIN, C. J. The policy of insurance out of which this controversy arose was taken out by the insured primarily for the benefit of his wife with provision to the effect that if she did not survive him a foster son should become the beneficiary. It was clearly expressed in the policy that upon the death of the insured the insurance money should be paid to his wife, Maydie Taylor Bullock, if living, or if not living to Rudolph Pink Bullock. Maydie Taylor Bullock did not predecease her husband, and is still living, but the law will not permit her to derive benefit from the death of the insured since admittedly it was caused by her felonious act. *Garner v. Phillips,* 229 N.C. 160, 47 S.E. 2d 845; *Parker v. Potter,* 200 N.C. 348, 157 S.E. 68; *Bryant v. Bryant,* 193 N.C. 372, 137 S.E. 188; *Anderson v. Insurance Co.,* 152 N.C. 1, 67 S.E. 53; *New York Mut. Life Ins. Co. v. Armstrong,* 117 U.S. 591; Vance on Insurance, sec. 156; 29 A.J. 979; Restatement, Restitution, sec. 189; 1 Appleman Insurance Law 456. The North Carolina statutes also declare that in such case she loses every right she would otherwise have been entitled to in the personal estate of her husband. G.S. 28-10; G.S. 30-4; G.S. 52-19. She can neither collect the insurance money nor assign her right to anyone else. *Equitable Life Assur. Soc. v. Weightman,* 61 Okla. 106; *Schmidt v. Northern L. Asso.,* 112 Iowa 41; *Johnston v. Metropolitan L. Ins. Co.,* 100 S.E. 865. So speaks the voice of authority.

The question then arises, who is entitled to the insurance money? The question thus presented is not without difficulty. Upon the facts here admitted we find no direct decision by this Court, and decisions from other jurisdictions are not definite or authoritative.

In *Parker v. Potter,* 200 N.C. 348, 157 S.E. 68, it appeared that J. A. Groves had obtained from the Woodmen of the World a policy of insurance on his life payable to his wife or in the event of her prior death, "if there be no surviving wife or children," to his next living relation. Subsequently J. A. Groves killed his wife and then committed suicide. This Court held in an opinion by *Justice Adams* that the interest of the wife was contingent upon her surviving her husband, and her death occurring before his, terminated her contingent interest, and the right to the insurance money passed to the next living relation of the insured. In the case at bar it would seem from the language of the policy that the interest of Rudolph Pink Bullock would accrue only in the event Maydie be not living at the time of the death of the insured.

In *Anderson v. Parker,* 152 N.C. 1, 67 S.E. 53, where the insured was killed by the beneficiary who then committed suicide, it was held the administrator of the insured was entitled to the insurance money.

*Garner v. Phillips,* 229 N.C. 160, 47 S.E. 2d 845, involved the devolution of real property where a son and only heir murdered his father and mother. It was held the son took only the naked legal title for the benefit of those next entitled.

In *Bryant v. Bryant,* 193 N.C. 372, 137 S.E. 188, the same result was reached where husband and wife having an estate by the entireties the wife was murdered by the husband.

The appellee calls our attention to the case of *Beck v. West Coast Life Ins. Co.,* 228 P. 2d 832, which was recently decided by the District Court of Appeals, First District of California. As there was apparently no effort to have the decision in this case reviewed by the Supreme Court of California, it will be presumed the law of that state on the facts disclosed is correctly stated. The policy of insurance in that case was on the life of Lila Loly Downey, and named as beneficiary the husband of the insured, David Albert Downey, "if living, otherwise to Jettie Knoll-Friend." The husband murdered his wife and was sentenced to imprisonment in the State Prison for life. In California, Penal Code section 2601 provides that "A person sentenced to imprisonment in the State Prison for life is thereafter deemed civilly dead." It was held that civil death denominated by the statute had the same legal effect as physical death, and that Jettie Knoll was entitled to the fund.

Appellee also cites the case of *Metropolitan Life Ins. Co. v. McDavid,* 39 F. Supp. 228. This was decided by the District Court for the Eastern District of Michigan in 1941. The husband, an employee, was insured

BULLOCK *v.* INSURANCE CO.

in a group policy issued to General Motors Corporation and contained provision that if no beneficiary was designated, the benefit should be paid to wife if living; if not living, to children; if none survive, to mother. There were other policies of insurance not here pertinent. The wife shot and killed her husband, was convicted of manslaughter and sentenced to five years in prison. There were no children. The Court held the wife was not entitled to any part of the proceeds of the policy, and that the rights of the parties should be determined exactly as they would have been if the wife had died prior to the death of her husband, and that the mother was entitled to the proceeds of the policy referred to.

In *Equitable Life Assur. Soc. v. Weightman,* 61 Okl. 106, the policy was to husband and wife payable to either on death of the other. The wife murdered her husband and was convicted and sentenced to imprisonment for life. It was held the administrator of the husband was entitled to the fund. The same result was reached in *Sharpless v. Grand Lodge,* 135 Minn. 35. See also *Box v. Lanier,* 112 Tenn. 393; *Greer v. Franklin Life Ins. Co.* (Texas), 221 S.W. 2d 857; *Schmidt v. Northern Life Asso.,* 112 Iowa 41; *Johnston v. Life Ins. Co.* (W. Va.), 100 S.E. 865; 1 Appleman Insurance Law, 455, and cases cited. However, in *Blanks v. Jiggetts,* 192 Va. 337, 64 S.E. 2d 809, it was held that a son who had murdered his father was entitled to inherit real property of his deceased mother, though the son's interest therein was accelerated by the death of his father. See also *Oleff v. Hodapp,* 129 Ohio St. 432, where it was held the murder of an associate in a joint and survivorship account did not divest the murderer of his property rights thereto in the absence of a controlling statute.

A general statement of the law on this subject will be found in the volume of Restatement of the Law entitled Restitution, section 189, as follows: "If the beneficiary of a life insurance policy murders the insured, he is not entitled to receive and to keep the proceeds of the policy. In such a case ordinarily the executor or administrator of the insured is entitled to receive the proceeds of the policy from the insurer and to apply them in the same way in which they would have been applicable if the beneficiary had predeceased the insured or was otherwise incapable of taking or disqualified from taking the proceeds. Ordinarily the proceeds would be applicable to the payment of the debts of the insured, and after payment of his debts would be payable to his residuary legatee, if any, and if none, to his next of kin." Provision for alternative beneficiaries in case the original designation fails, which occurs frequently in group insurance and insurance certificates issued by fraternal and mutual benefit societies, is generally followed, as in the *McDavid case, supra.*

9—234

While in the case at bar it may be presumed in the light of subsequent happenings the insured would have wished his foster son to have the insurance money, the Court, in determining as a question of law the party entitled, must give effect to the terms of the policy which constituted the contract between the insurer and the insured. The Court is without authority to change the terms of a contract the parties have entered into. This rule was succinctly stated in *Indemnity Co. v. Hood,* 226 N.C. 706 (710), 40 S.E. 2d 198, as follows: "It (the Court) has no power to write into the contract any provision that is not there in fact or by implication of law." By the terms of the policy the insurance here is made payable to Maydie Taylor Bullock, if living, or if not living to Rudolph Pink Bullock. As beneficiaries the wife and foster son are not on an equal footing. Rudolph's interest is made contingent upon the death of the wife before that of the insured. She, however, is still living. The law of North Carolina does not regard imprisonment in State Prison for a term of years as equivalent to legal death. The doctrine of *civiliter mortuus* is not recognized. *Schmidt v. Northern Life Asso.,* 112 Iowa 41. No corruption of blood, or forfeiture of estate results from conviction of crime. Unless otherwise provided by law one duly committed to prison on conviction of a criminal offense retains his property rights and his identity.

In *Parker v. Potter,* 200 N.C. 348, 157 S.E. 68, *Justice Adams,* delivering the opinion of the Court, quoted with approval from 2 Couch, Cyc. Ins. Law, sec. 306, as follows: "The status of a beneficiary designated as such in an insurance policy depends entirely upon the terms of the contract of insurance, construed in accordance with the rules of interpretation and construction applicable to such contracts, he being chargeable with notice of the contents of the same."

We think the language of the policy must control. Rudolph Pink Bullock's interest in the policy of insurance on the life of Willie P. Bullock was made by its terms contingent upon the death of Maydie Taylor Bullock during the lifetime of the insured. That event did not happen, and the net proceeds of the insurance should thereupon be paid to the administrator of the estate of Willie P. Bullock, who took out the policy and paid the premiums thereon, that it may be used to pay his debts and for distribution to his next of kin.

There was error in the judgment below, and the cause is remanded for judgment in accordance with this opinion.

Error and remanded.

VALENTINE, J., took no part in the consideration or decision of this case.