**METROPOLITAN LIFE INSURANCE COMPANY**

**v.**

**Marjorie WENCKUS, Administratrix of the Estate of Melvin J. Dugas, et al.**

Supreme Judicial Court of Maine.

July 18, 1968.

---

John A. Mitchell, Portland, for appellee.

McCarthy, Beliveau & Beliveau, by William E. McCarthy and Richard E. Whiting, Rumford, for Contingent Beneficiary.

Before WILLIAMSON, C. J., and WEBBER, MARDEN, DUFRESNE and WEATHERBEE, JJ.

WILLIAMSON, Chief Justice.

This complaint of interpleader by a life insurance company is before us on appeal upon an agreed statement of facts from the judgment of the Superior Court that the contingent beneficiary, mother of the deceased insured, is entitled to the proceeds of the policy. The appeal is denied. M.R. C.P., Rule 76 (now Rule 74(r)).

The beneficiaries named in the policy are the wife by name, now the widow, "but if such Beneficiary (ies) shall not be living, to the following Contingent Beneficiary (ies), Josephine Park, Mother." The insured was killed by his widow, who pleaded guilty to manslaughter. The finding of the single Justice that the widow was convicted of voluntary manslaughter, it is agreed, was sustained by sufficient evidence. The insured died intestate, leaving his widow and six minor children.

Under the terms of the policy the widow, having survived the insured, is entitled to payment. The law, however, refuses to carry out this plain provision of the contract.

Public policy prohibits a beneficiary from benefiting from his wrong in the voluntary manslaughter of the insured.

Whether the criminal act is murder or voluntary manslaughter, and whether an estate or life insurance is involved, do not alter the operation of the public policy denying benefits. The widow, who does not contend otherwise, seeks payment not for herself but for the benefit of the six minor children. Dutill v. Dana, 148 Me. 541, 113 A.2d 499; 5 Scott on Trusts §§ 492.3, 494.1 (3rd ed.); 29A Am.Jur. Insurance § 1643.

The decisive question is whether by elimination of the principal beneficiary, the widow, the proceeds go to the estate of the insured, or to the contingent beneficiary. The interest of the minor children, such as it may be, need not be considered separately from that of the estate. Under 18 M.R.S.A. § 853, life insurance in an estate descends to an intestate's issue and widow or widower. Here, for reasons stated, the widow would not share.

We must give effect to the intention of the insured in the naming of the beneficiaries, having in mind that public policy prevents the widow taking under the terms of the contract.

The position of the estate is that the contingent beneficiary does not take, inasmuch as the contingency, i. e., the failure of the widow to survive the insured did not occur. With the elimination of the widow by operation of law, and of the mother by the non-occurrence of the contingency on which her interest depended, it follows on this view that the estate had the beneficial interest in the policy. Bullock v. Expressmen's Mut. Life Ins. Co., 234 N.C. 254, 67 S.E.2d 71; for comment on *Bullock*, supra, see 30 North Carolina Law Rev. 175; Beck v. Downey et al., 191 F.2d 150 (9th Cir. 1951); remanded 343 U.S. 912, 72 S. Ct. 646, 96 L.Ed. 1328; second opinion 198 F.2d 626; certiorari denied 344 U.S. 875, 73 S.Ct. 170, 97 L.Ed. 678.

On behalf of the mother, it is urged that the insured fairly intended that in the event his widow did not take for any reason then the insurance should go to her. In short, the contingency on which hung the right of

the mother to the insurance was not alone the widow's failure to survive, but as well the widow's inability to take for any reason.

█ We hold to the same view in support of the contingent beneficiary. Briefly, the contingent beneficiary marches into the position vacated by the first beneficiary. This, in our view, reflects the intention of the insured. We do not of course find in the beneficiary clause language pointing directly to the tragic death of the insured by the act of the beneficiary.

In the leading case of Beck v. West Coast Life Ins. Co., 38 Cal.2d 643, 241 P.2d 544, 26 A.L.R.2d 979, the California Court, in an opinion by Justice (now Chief Justice) Traynor, set forth persuasively the reasons impelling a decision in favor of the contingent beneficiary. The fact that in the California case the widow who murdered her husband thereby became "civilly dead", does not in our opinion alter the force or applicability of the Court's reasoning in the situation before us. The Court said, in 26 A.L.R.2d at p. 984, 241 P.2d at 547:

> "The rule that prevents his profiting by his own wrong should not be invoked in such a way as to prejudice the rights of the alternative beneficiary. 'In a word, it appears to me that the crime of one person may prevent that person from the assertion of what would otherwise be a right, and may accelerate or beneficially affect the rights of third persons, but can never prejudice or injuriously affect those rights.' Fry, L. J. in Cleaver v. Mutual Reserve Fund Life Ass'n, 1892, 1 QB 147, 160."

See Neff v. Massachusetts Mut. Life Ins. Co., 158 Ohio St. 45, 107 N.E.2d 100; Davis v. Aetna Life Ins. Co., 279 F.2d 304 (9th Cir. 1960); Turner v. Prudential Ins. Co. of America, 60 N.J. 175, 158 A.2d 441; Carter v. Carter, Fla., 88 So.2d 153; 49 Harv. L.Rev. 715 note; 5 Scott on Trusts § 494.1; 29A Am.Jur. Insurance § 1647. See also Baekgaard v. Carreiro, 237 F.2d 459 (9th Cir. 1956), holding that the contingent beneficiary took as against the first beneficiary disclaiming insurance in divorce settlement.

The defendants take nothing on their points of appeal asserting that the Court below erred (1) "in failing to construe the intention of the insured in his contracts of insurance to be for the sole protection of his wife and children," and (2) "in restricting the intention of the insured to one insurance policy instead of all insurance policies owned by the deceased at the time of his death."

There was no room for the Court below to consider two life policies taken by the insured after the policy before us, which included his wife as the first beneficiary, and as contingent beneficiaries his four living children in one and his six surviving children in the other.

The policy before us speaks for itself. The intention of the insured cannot be ascertained from his intentions to benefit his children and not his mother as contingent beneficiaries under the later policies.

The mother is entitled to payment of the proceeds of the policy less the reasonable counsel fees, expenses, and costs of the plaintiff to be determined by the Court below.

The entry will be

Appeal denied. Remanded to the Court below for action not inconsistent herewith.

TAPLEY, J., did not sit.