**Robert H. BROOKS, Administrator of the Estate of Dora Ann Brooks, Deceased, Petitioner,**

v.

**William D. THOMPSON, Administrator of the Estate of John Clayton Thompson, Deceased, Respondent,**

**The National Life and Accident Insurance Company, Interpleader,**

Supreme Court of Tennessee.

Feb. 3, 1975.

Rehearing Denied April 7, 1975.

Robert T. Rochelle, Lebanon, for petitioner.

Vester Neal Agee, James O. Bond, Lebanon, for respondent.

Edwin S. Zeitlin, Nashville, for interpleader.

OPINION

HARBISON, Justice.

Decedent, John Clayton Thompson, purchased a policy of insurance upon his life, naming his wife as primary beneficiary. As contingent or alternate beneficiary he named his mother-in-law, Mrs. Dora Ann Brooks.

As the case comes before this Court, there is no question but that the wife feloniously killed her husband, the insured. Accordingly her rights in the insurance policy are forfeited by reason of the provisions of T.C.A. § 31–207, hereinafter set out. The wording of the policy provisions is such that the contingent beneficiary was to receive the proceeds only if the primary beneficiary were not living at the time of the death of the deceased. The question for decision is whether the policy proceeds will pass as intestate personal property to the estate of the insured, or whether the contingent beneficiary is entitled to receive them.

The Chancellor awarded the policy proceeds to the contingent beneficiary. The Court of Appeals reversed and held that under the literal wording of the policy provisions, the contingent beneficiary was not entitled to take the proceeds. The Court of Appeals accordingly awarded them to the estate of the insured. The issue appears to be one of first impression in this state.

Although the question presented is one on which there is a substantial split of authority, and on which respectable authority can be found on both sides of the issue, we are of the opinion that the decision of the Court of Appeals adopts what has become

a distinctly minority position in the United States and that it fails to take into consideration the terms and provisions of the Tennessee statute on the subject. The decision of the court below is also inconsistent, in our view, with the Tennessee decisions on analogous questions, where, by the operation of a rule of law, the original intention of the owner of property as expressed in a will or deed, cannot be carried out.

■ The primary beneficiary of the insurance policy, having feloniously killed the insured, is not entitled to receive the proceeds by reasons of the provisions of T.C.A. § 31–207, which are as follows:

"Any person who shall kill, or conspire with another to kill, or procure to be killed, any other person from which said first named person would inherit the personal property, or any part thereof, belonging to such deceased person at the time of his death, or who would take said property, or any part thereof, by deed, will or otherwise, at the death of the deceased, shall forfeit all right therein, and the same shall go as it would have gone by the law of distribution, will, deed or other conveyance, as the case may be, provided, that this section shall not apply to any such killing as may be done by accident or in self-defense."

Although this statute is found in the statutes governing the intestate distribution of personal property, it has been held in a number of cases to have application to life insurance policies, and the rule is well settled in this state that the beneficiary of a life insurance policy who feloniously kills the insured will not be allowed to receive the policy proceeds. Jamison v. Metropolitan Life Insurance Company, 24 Tenn.App. 398, 145 S.W.2d 553 (1940); Houser v. Haven, 32 Tenn.App. 670, 225 S.W.2d 559 (1949).

This rule finds general acceptance in most states, either by reason of a statute, such as the Tennessee statute quoted

above, or through application of the doctrine of constructive trusts, the general principle being that a person will not be allowed to reap the benefits of his own criminal act.

■ The Tennessee statute seems to contemplate the alternative provisions of deeds, wills or other written instruments, and it is our opinion that the Tennessee statute permits the property to go according to the law of intestate distribution only if there is no alternate provision in a written instrument governing the disposition of the property.

It is true that the policy provisions in question gave the proceeds to the wife of the deceased, as primary beneficiary, if she survived at the time of his death. The policy further provides that if there were no primary beneficiary surviving at the date of the insured's death, the second beneficiary surviving at that time should take.

The actual language of the policy is as follows:

"Each beneficiary shall be classified as a First, Second or Third Beneficiary, which classification shall determine his interest with respect to the death benefit proceeds. Surviving beneficiaries in the same beneficiary classification shall share equally in the proceeds payable to the beneficiaries of that classification.

"Death benefit proceeds under this policy shall be payable to the First Beneficiaries surviving at the time of the insured's death, or, if none, to the Second Beneficiaries surviving at the time of the insured's death; or, if none, to the Third Beneficiaries surviving at the time of the insured's death. If the last surviving beneficiary predeceases the insured, the beneficial interest in this policy shall revert to the Owner."

Under the undisputed facts of the case, both the first beneficiary and the second beneficiary survived. The first beneficiary, however, is precluded by operation of law from taking, and the question is

whether the policy proceeds pass according to the law of intestacy or whether they go under the alternate provision of the policy as specified by the insured.

 The fact that the contingent beneficiary of the proceeds was to receive them only if the primary beneficiary predeceased the insured does not, in our opinion, prevent her taking when a rule of law excludes the primary beneficiary.

In the case of Albright v. Albright, 192 Tenn. 326, 241 S.W.2d 415 (1951), property was willed by the testator to his daughters who were to take the same "at the death of my wife". The widow, however, dissented from the will and took her statutory portion of the estate of the deceased. The question then presented was whether or not the remainders were accelerated so as to give the devisees immediate possession, or whether the devisees must await the death of the wife before entering into possession, since there were alternate provisions in the will as to the remaindermen, if they should predecease the widow.

This Court, affirming the Chancellor, held that the remainders were accelerated by reason of the dissent of the wife, despite the fact that these estates were not to take effect in possession, under the wording of the will, until "the death" of the widow. The Court stated that the majority rule on the point was that the terms of the will were to be read as a limitation of the remainder "to take effect in every event which removes the prior estate out of the way." 192 Tenn. at 335, 241 S.W.2d at 418.

In the present case the insured named his wife as primary beneficiary. He, however, expressly named his mother-in-law as an alternate beneficiary. A rule of law prevents the wife from taking, although she survived the insured. It is our opinion, therefore, that the alternate plan designated by the insured should be given effect.

As pointed out in the opinion of the Court of Appeals, there is authority to the contrary. The opposite result is reached by a close and literal interpretation of the language used in the policy. This approach was taken by the Supreme Court of North Carolina in the case of Bullock v. Expressmen's Mutual Life Insurance Company, 234 N.C. 254, 67 S.E.2d 71 (1951). The result of that case, however was subsequently changed by the North Carolina General Assembly.[1] It seems to us that the Tennessee General Assembly has already expressed an intention in the statute above quoted, and that its intention was that the alternate provisions of a deed, will or other conveyance should be carried out when the person originally designated to take property by the decedent is barred from taking by his felonious act.

In a leading case on the subject, Beck v. West Coast Life Insurance Company, 38 Cal.2d 643, 241 P.2d 544 (1952) the Supreme Court of California, in an opinion by Justice Roger Traynor, awarded the policy proceeds to the contingent beneficiary. The Court there pointed out that there were three possible solutions to the problem. One was to give the proceeds to the administrator of the insured, a second was to pay the proceeds to the person who, from an actuarial point of view, would be most likely to take had the murder not been committed, and the third solution was to allow the alternative beneficiary to recover the proceeds. The California Court concluded that the third solution should be adopted. It pointed out that the beneficiary clause of a life insurance policy in which the insured has reserved the right to change beneficiaries is donative and testamentary in character. The Court reasoned that the intent of the insured as expressed by the language which he had used should be given effect as far as possible. The Court said:

> "Although her expressed intent that her husband receive the proceeds cannot

1. N.C.Gen.Stats. § 31A–11 (1961), giving the policy proceeds to those "who would have been entitled thereto as if the slayer had predeceased the decedent."

be given effect, the policy names the one she wished to take if her husband could not. It stated that the proceeds should be paid to the alternative beneficiary, if the primary beneficiary predeceased the insured. Thus, in the type of disability that would naturally be anticipated by the insured, the alternative beneficiary was preferred over the estate of the insured. In this case there occurred the only other possible contingency in which the primary beneficiary would be under a disability equivalent to actual death. The insured has clearly indicated her intent that any interest her estate might have in the proceeds of the policy should be subordinate to the interest of the alternative beneficiary. This intent is recognized by a holding that the alternative beneficiary may recover the proceeds. A holding that the estate of the insured is entitled to the proceeds would not only defeat this intent, but would also enable the murderer to deprive the alternative beneficiary of her opportunity to take in preference to the estate by foreclosing the possibility that the murderer might predecease the insured. The rule that prevents his profiting by his own wrong should not be invoked in such a way as to prejudice the rights of the alternative beneficiary." 241 P.2d at 547.

It is true, as pointed out in the opinion of the Court of Appeals, that the Ninth Circuit Court of Appeals declined to follow the reasoning of the California Supreme Court. Beck v. Downey, 191 F.2d 150 (1951). In a later case, however, Baekgaard v. Carreiro, 237 F.2d 459 (9th Cir. 1956), the Court of Appeals for the Ninth Circuit threw great doubt upon the validity of its holding in the *Downey* case, *supra,* and held that the alternate beneficiary of an insurance policy would take the policy proceeds where the primary beneficiary had waived her right through a divorce settlement. Both the primary beneficiary and the alternate beneficiary survived the insured in that case, and the alternate beneficiary, rather than the estate of the insured, was given the policy proceeds upon the death of the insured.

Research indicates that a number of other states have declined to follow the reasoning of the Court of Appeals for the Ninth Circuit or the Supreme Court of North Carolina in allowing the policy proceeds to pass by intestate distribution to the estate of the insured. See Neff v. Massachusetts Mutual Insurance Company, 158 Ohio St. 45, 107 N.E.2d 100, 103–104 (1952); Metropolitan Life Insurance Company v. Wenckus, 244 A.2d 424 (Maine, 1968); Carter v. Carter, 88 So.2d 153, 160 (Fla., 1956); Williams v. Williams, 262 S. W.2d 111, 112 (Tex.Civ.App.1953); Maneval v. Lutheran Brotherhood, 281 A.2d 502, 504 (Del.Super.1971); Annot., 27 A.L.R.3d 794 (1969); 1 Appleman, Law of Insurance § 382 (1965).

Admittedly the insured in cases such as this never anticipates being feloniously killed by the primary beneficiary. It is difficult to know what the actual intention of the insured would have been had the problem in question been brought to his attention. It is clear, however, that he did name an alternate beneficiary in the surance policy, and in our opinion the better view is to allow the proceeds to pass according to the alternative provisions of the policy rather than to go as intestate personal property.

The judgment of the Court of Appeals is reversed, and the judgment of the Chancellor will be reinstated. The costs of the cause will be paid from the policy proceeds which are the subject of interpleader, and the net proceeds remaining will be paid to the estate of the alternative beneficiary, whose death occurred subsequent to that of the insured.

FONES, C. J., and HENRY, COOPER and BROCK, JJ., concur.

## OPINION ON PETITION FOR REHEARING

A petition to rehear has been filed on behalf of the appellee, acquiescing in the decision of the Court, but requesting that the Court remand the case to the chancery

court for the purpose of allowing a fee to counsel for the appellee.

The cases cited in the petition to rehear deal with the allowance of a fee to counsel for the interpleader and to counsel for a trustee in foreclosure proceedings. We know of no authority, and none has been cited, permitting a charge against the interpleaded funds in favor of counsel for an unsuccessful claimant (other than the fee of a guardian ad litem). Since the interpleaded funds have been held not to be assets of the estate of which appellee is the administrator, we do not deem it appropriate to charge them with fees of counsel for the estate.

Since the efforts of counsel were rendered on behalf of the estate, however, they may be taken into account in fixing his charges made to the estate itself, subject to the approval of the court in which the estate is being administered. They are not, however, properly chargeable against the interpleaded funds.

The petition to rehear is denied.