**Georgia WEBB, Appellant,**

v.

**Sue Ann Martin VOIROL, Appellee.**

**Helen A. MARTIN, Appellant,**

v.

**Sue Ann Martin VOIROL, Appellee.**

**Nos. 85–1307, 85–1329.**

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1985.

Decided Sept. 12, 1985.

Paul J. Passanante and Michael J. Aubuchon, St. Louis, Mo., for appellant.

Gary H. Lange, Clayton, Mo., for appellee.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BOWMAN, Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

Appellants Georgia Webb and Helen A. Martin both appeal from the judgment of the district court[1] in an interpleader action brought pursuant to Fed.R.Civ.P. 22[2], with jurisdiction based on 28 U.S.C. § 1332 (diversity of citizenship). Life and Casualty Insurance Company of Tennessee (Life & Casualty) brought the action to determine ownership of the proceeds of two term life insurance policies, Nos. 78755612 and 79846066, issued on the life of Ronald A. Martin, deceased. Appellant Martin, the surviving spouse of the deceased, was named as the primary beneficiary on both policies; appellant Webb was named as the secondary beneficiary on No. 79846066 (policy of $100,000, with additional $100,000 for accidental death). The district court held that the proceeds of both policies should go to appellee Sue Ann Martin Voirol, administratrix of the estate of Ronald A. Martin. *Life & Casualty Insurance Co. v. Martin,* 603 F.Supp. 281 (E.D.Mo.1985). We affirm the judgment of the district court. The parties agree that Missouri law controls.

## I. FACTS

The essential facts in this case are not in dispute. Ronald A. Martin died on December 5, 1980. His wife, appellant Helen A. Martin, was convicted of capital murder of her husband, the insured, by a jury in the Circuit Court of Jefferson County, Missouri on February 27, 1982. Martin was sen-

---

1. The Honorable John K. Regan, United States Senior District Judge for the Eastern District of Missouri.

2. Fed.R.Civ.P. 22 states in relevant part:

(1) Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability.

tenced to life imprisonment without parole for fifty years. The Missouri Court of Appeals affirmed Martin's conviction in *State v. Martin*, 666 S.W.2d 895 (Mo.Ct. App.1984). The facts as set forth in *Martin* are egregious, showing a cold-blooded, calculated murder of the insured, engineered by his wife, Helen Martin.

While Martin's criminal prosecution was pending, Life & Casualty brought the interpleader action, naming as defendants appellants Martin and Webb; Larry A. Church, guardian of the estate of Rebecca Martin, the surviving daughter of Ronald A. Martin and Helen A. Martin; Shirley Schorege, the former wife of Ronald A. Martin and guardian of two minor children born of their marriage; and appellee Sue Ann Martin Voirol, daughter of Ronald A. Martin. Life & Casualty paid the proceeds of the policies into the registry of the Court and was discharged.

In determining that the proceeds from both policies should go to appellee Voirol as administratrix of the deceased's estate, the district court focused on the following provisions in the policies:

> Beneficiary. The Beneficiary is as designated in the application for this policy unless otherwise provided by endorsement on the Date of Issue or unless subsequently changed as provided below. Unless otherwise stated, the relationship of the Beneficiary is the relationship to the Insured. At the death of the Insured, the proceeds shall be payable in equal shares to such of the designated Beneficiaries as may be living, or to the survivor, in the following order:
>
> (a) To the First Beneficiary or Beneficiaries.
>
> (b) To the Second Beneficiary or Beneficiaries, if any, *provided none of the First Beneficiaries are living at the death of the insured.*
>
> \* \* \* \* \* \*

If there is no surviving Beneficiary at the date of death of the Insured, and if the Beneficiary designation does not otherwise provide, the proceeds shall be payable to the Owner, or the executors or administrators of the Owner.

The court looked initially to the claim of Helen Martin as primary beneficiary. Because Martin's capital murder conviction necessarily included a finding that she acted "unlawfully, willfully, knowingly, deliberately, and with premeditation," Mo.Rev. Stat. § 565.001 (1978), the court held that Martin was disqualified from taking as the first beneficiary of the policies due to the Missouri public policy that prohibits a murderer from profiting from her own intentional and unjustified criminal conduct. The court next considered the claims of the second beneficiaries.[3] Taking a literal interpretation of clause (b) of the policy provision, the court reasoned that although Helen Martin as first beneficiary was disqualified from taking, she was still alive, and therefore the second beneficiaries' rights to take under the policies had not been triggered. Finally, in determining what disposition to make of the proceeds, the court looked at the policy provision stating that if there is no "surviving beneficiary at the date of death of the insured, the proceeds shall be payable to the Owner and the executors or administrators of the Owner." Because Helen Martin was still alive, the court stated that the situation existing was exactly as if no second beneficiary had been designated. Further, although Helen Martin was alive, her legal disqualification led the court to conclude that she had not "survived as a beneficiary." The court thus awarded the proceeds to Sue Ann Martin Voirol as administratrix of Ronald A. Martin's estate, in which the four children of Ronald Martin share equally.

## II. HELEN A. MARTIN'S CLAIM

 Helen Martin argues that the district court should not have accepted her

---

3. Policy No. 78755612 listed as second beneficiaries Ronald Martin's children, who are not parties to this appeal.

capital murder conviction as conclusive evidence that she was disqualified as primary beneficiary of the life insurance policies, and that she should have been able to adduce evidence that she did not intentionally and feloniously kill her husband. The rule in Missouri, however, is that a judgment of conviction of first or second degree murder or voluntary manslaughter is conclusive evidence that the beneficiary intentionally and without legal excuse or justification killed the insured, and is not subject to collateral attack in an action to determine the ownership of policy proceeds. *See Bradley v. Bradley*, 573 S.W.2d 378, 380 (Mo.Ct.App.1978); *In re Estate of Laspy*, 409 S.W.2d 725, 736–37 (Mo.Ct.App.1966). Martin contends that her conviction should not estop her from relitigating the issue of whether she intentionally murdered her husband because her post-conviction proceeding, pursuant to Rule 27.26 of the Missouri Rules of Criminal Procedure, is still pending. In that proceeding she alleges that she received ineffective assistance of counsel at her murder trial. Until that proceeding is resolved, Martin asserts, her criminal conviction cannot be considered a final judgment, nor can she be said to have had a full and fair opportunity to litigate the issue, as required for the application of the collateral estoppel doctrine. *See Oates v. Safeco Insurance Co. of America*, 583 S.W.2d 713, 719 (Mo.1979) (en banc).

Martin's contention is without merit. She cites us to no cases holding that a criminal conviction cannot be considered final until all post-conviction proceedings have been concluded, nor have we found any. In fact, courts repeatedly have held that the pendency of an appeal does not destroy the finality of a judgment for the purpose of applying the doctrine of collateral estoppel. *See, e.g., Hunt v. Liberty Lobby, Inc.*, 707 F.2d 1493, 1497–98 (D.C. Cir.1983); *Kurek v. Pleasure Driveway & Park District*, 557 F.2d 580, 595 (7th Cir. 1977), *vacated on other grounds*, 435 U.S. 992, 98 S.Ct. 1642, 56 L.Ed.2d 81 (1978); *Taunton Gardens Co. v. Hills*, 557 F.2d 877, 879 n. 2 (1st Cir.1977); *Instituto Nacional de Comercializacion Agricola v.*

*Illinois National Bank*, 576 F.Supp. 991, 997 (N.D.Ill.1983); *Commercial Union Assurance Co. v. Pucci*, 523 F.Supp. 1310, 1318 (W.D.Pa.1981); *Sternberg v. St. Louis Union Trust Co.*, 66 F.Supp. 16, 19 (E.D.Mo.1946), *aff'd*, 163 F.2d 714 (8th Cir.), *cert. denied*, 332 U.S. 843, 68 S.Ct. 267, 92 L.Ed. 414 (1947). The only relevant issue to the determination of Helen Martin's entitlement to take the insurance proceeds as primary beneficiary is whether she intentionally killed Ronald Martin. The jury at the circuit court trial found that she had, and the Missouri Court of Appeals affirmed that judgment. All of Martin's direct appeals are now exhausted. The judgment of conviction was clearly entitled to preclusive effect in the interpleader action.

Further, Martin miscites *State Farm Mutual Automobile Insurance Co. v. Worthington*, 405 F.2d 683 (8th Cir.1968), and *New England Mutual Life Insurance Co. v. Null*, 554 F.2d 896 (8th Cir.1977) for the proposition that in Missouri a judgment of conviction in a criminal prosecution is not proof of anything in a civil proceeding, except the mere fact of its rendition. This court stated in *State Farm* that "the exception to the rule that judicial admissions in criminal cases are not conclusive in subsequent civil proceedings occurs where a party seeks to profit from his own criminal act. The courts in such cases deny recovery as a matter of public policy." 405 F.2d at 686. And, in *Null* we stated that Missouri law holds that "a judgment in a criminal case cannot be used to establish the truth of the facts upon which the conviction is based in a civil action brought by one not a party to the criminal action." 554 F.2d at 901. Neither of these principles applies here, where Martin seeks to profit by obtaining insurance proceeds, after being convicted of murder in a criminal action to which she was obviously a party. As the district court noted, although Helen Martin was initially a named defendant in the interpleader action, once Life & Casualty was discharged she and the other claimants became plaintiffs for the purpose of

prosecuting their respective claims. In sum, the district court did not err in refusing to allow Martin to collaterally attack her capital murder conviction in the interpleader action, nor in holding her disqualified to take the insurance proceeds as primary beneficiary.

## III. GEORGIA WEBB'S CLAIM

We now turn to Georgia Webb's contention that the district court erred in awarding the proceeds from policy No. 79846066 to Voirol as administratrix of Ronald Martin's estate. Webb asserts that she was entitled to the proceeds as the named second beneficiary under the policy. Webb's argument consists of two main points. First, she contends that the district court's interpretation of the beneficiary clause of the policy is internally inconsistent, first strictly construing section (b) of the clause and then loosely interpreting the "surviving beneficiary" language in the final section of that clause. Second, Webb maintains that the court's holding subverts Ronald Martin's intended order of preference of beneficiaries as declared in the policy, because by the terms of the beneficiary designation clause the interest of the second beneficiary was to take priority over the interests of the estate.

We hold that the district court did not err in awarding the proceeds from Policy No. 79846066 to Voirol. No party has cited to us, nor have we found, any Missouri cases dealing with the same facts and policy language as involved here. As with any issue on which controlling state precedent is lacking, then, we must accord substantial deference to the district court's interpretation of state law. *E.g., Mason v. Ford*

*Motor Co.,* 755 F.2d 120, 122 (8th Cir.1985); *Kansas State Bank v. Citizens Bank,* 737 F.2d 1490, 1496 (8th Cir.1984); *Nelson By Wharton v. Missouri Division of Family Services,* 706 F.2d 276, 278 (8th Cir.1983). Although the majority of courts that have considered a similar factual situation have held contrary to the district court's holding, some support exists for the literal policy interpretation taken by the district court here. *See, e.g., Beck v. Downey,* 191 F.2d 150, 152 (9th Cir.1951), *vacated and remanded,* 343 U.S. 912, 72 S.Ct. 646, 96 L.Ed. 1328 (1952), *readopted in* 198 F.2d 626 (9th Cir.), *cert. denied,* 344 U.S. 875, 73 S.Ct. 170, 97 L.Ed. 678 (1952);[4] *Bullock v. Expressmen's Mutual Life Insurance Co.,* 234 N.C. 254, 257–59, 67 S.E.2d 71, 74–75 (1951).

Further, the district court reasonably based its decision on the rule repeatedly stated by Missouri courts that unambiguous language in an insurance contract must be given its plain meaning, and that resort to judicial construction is had only when an ambiguity exists. *See, e.g., Howard v. Russell Stover Candies, Inc.,* 649 F.2d 620, 623 (8th Cir.1981) (applying Missouri law) (quoting *Kay v. Metropolitan Life Insurance Co.,* 548 S.W.2d 629, 631 (Mo.Ct.App.1977)); *M.F.A. Mutual Insurance Co. v. American Family Mutual Insurance Co.,* 654 S.W.2d 230, 232 (Mo.Ct. App.1983); *Kyte v. Fireman's Fund American Insurance Cos.,* 549 S.W.2d 366, 367 (Mo.Ct.App.1977). The language of the beneficiary clause is not patently ambiguous, and the district court therefore held it was without the authority to construe the word "living," in the phrase "provided none of the First Beneficiaries are living at the

---

4. In *Beck v. Downey,* 191 F.2d at 152, the Ninth Circuit held that the words "if living" must be interpreted in their ordinary, common sense meaning, so that the contingent beneficiary could not take the proceeds when the primary beneficiary, although disqualified, was alive. The following year, the California Supreme Court considered similar insurance policies covering the same decedent in *Beck v. West Coast Life Insurance Co.,* 38 Cal.2d 643, 241 P.2d 544 (1952), and held (with two justices dissenting) that the insured's intent that the contingent ben-

eficiary's interest be superior to that of her estate should be given effect. The United States Supreme Court then vacated the Ninth Circuit's judgment in *Beck v. Downey* and remanded the case to the court for further consideration in the light of *Beck v. West Coast Life Insurance Co.* On remand, the Ninth Circuit stated that because the policy before it was neither made, executed, delivered, nor to be performed in California, its interpretation was not governed by California law. The court therefore readopted its original opinion. 198 F.2d at 627.

death of the Insured," to mean "living and not otherwise disqualified." The court then turned to the final section of the beneficiary clause and, noting that the term "surviving beneficiary" differs significantly from the language applicable to the right of the second beneficiary, concluded that although Helen Martin was living she had not survived as a beneficiary. The court therefore awarded the insurance proceeds to Voirol as administratrix of Ronald Martin's estate. After careful consideration of the district court's opinion, we cannot conclude that the court erred in reaching its decision.

## IV. CONCLUSION

We affirm the district court's award of the proceeds from both policies to Sue Ann Martin Voirol, administratrix of the estate of Ronald Martin.