IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 2, 2016

## ERIE FAMILY LIFE INSURANCE COMPANY v. TIFFANY DAWN SAMPSON, ET AL.

**Appeal from the Circuit Court for Robertson County**
**No. 74CC1-2014-CV-33          Ross H. Hicks, Judge**

_____

### No. M2016-00541-COA-R3-CV
_____

Insurer brought a declaratory judgment action asking the court to determine the proper beneficiary of the proceeds of a life insurance policy rider insuring the life of the named insured's child; the named insured had designated her mother as the beneficiary of the policy and rider. Upon the child's death, the named insured was prevented by law from receiving the proceeds, and the insurer asked for a declaration of whether the named insured's disqualification also prevented the named beneficiary from receiving the proceeds or whether the estate of the child would receive the proceeds, in accordance with the designation of beneficiary in the policy. The trial court determined that the policy's designation was inequitable and awarded the proceeds to the estate of the child. We have determined that the disqualification of the named insured from receiving the proceeds of the policy does not invalidate the designation of beneficiary and, accordingly, reverse the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; Case Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and ARNOLD B. GOLDIN, J., joined.

Benjamin K. Dean, Springfield, Tennessee, for the appellant, Lynne Clark Meeks.

S. Morris Hadden and Caroline Ross Williams, Erie, Pennsylvania, for the appellee, Erie Family Life Insurance Company.

Anthony Maldonado, Hermitage, Tennessee, *Pro Se*.

Tiffany Dawn Sampson, Greenbrier, Tennessee, *Pro Se*.

H. Garth Click, Springfield, Tennessee, Guardian *ad litem*, for the minor siblings.

**MEMORANDUM OPINION**[1]

On February 21, 2012, Erie Family Life Insurance Company ("Erie") issued to Tiffany Sampson a twenty-year term life insurance policy insuring her life; Lynne Meeks, Ms. Sampson's mother, was named as the beneficiary of the life insurance policy. At the time the policy was issued, Ms. Sampson was the mother of four children: Lindsey, Landon, Logan, and Adrian. Ms. Sampson also purchased a Children's Term Insurance Rider ("the Rider"), insuring the life of each child in the amount of $10,000.00. The Rider contained the following language:

BENEFICIARY. The beneficiary of this rider is:

1. first, the insured, if living; then
2. the estate of the insured child.

The beneficiary may be changed in the application or by endorsement upon our approval of your written request.

In the section of the policy application titled "Beneficiary Information," the form states that "The Proposed Insured is the primary beneficiary for all benefits on other persons covered by this policy, and the interests of the beneficiaries named below are subordinated accordingly. . . ." Beneath that language, Ms. Sampson listed her mother, Lynne A. Clark (now Meeks), as "primary beneficiary."

On August 24, 2012, Adrian died as a result of injuries sustained while in the care of Ms. Sampson. In September 2013, Ms. Sampson and her boyfriend were indicted for their involvement in the death of Adrian, and in June 2015, Ms. Sampson pled guilty to two counts of second-degree criminal abuse.

Prior to Ms. Sampson's conviction, On January 31, 2014, Erie filed a Complaint for Declaratory Judgment, naming Ms. Sampson, Adrian's father Anthony Maldonado, the Estate of Adrian Lewis Maldonado, Ms. Sampson's other children, and her mother as defendants. The complaint alleged that "Pursuant to the criminal indictment of Ms.

---

[1] Rule 10 of the Rules of the Court of Appeals states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Sampson, the criminal statute under which Ms. Sampson was indicted, and the application of the 'Slayer Statute,'[2] Erie does not believe that Ms. Sampson is entitled to the life insurance proceeds provided by the Rider" and asked the court to declare the rights of the parties to the life insurance proceeds.

Ms. Sampson and Ms. Meeks, proceeding *pro se*, filed a joint answer, requesting that "Erie Family Life Insurance Company be ordered to honor its insurance contract and pay the proceeds from this policy." The guardian *ad litem* answered on behalf of the minor siblings and requested that, in the event the Court ruled that the children were entitled to the proceeds of the policy, it establish a guardianship for the management of the funds for the benefit of the children, or in the alternative, deposit the funds with the court clerk until each child reached the age of 18 and was entitled to receive his or her share. Anthony Maldonado, who was incarcerated at the time, sent a letter to the judge, which was deemed an answer, stating that he "was in no way involved with [his] son's death [and] want[ed] to be considered for [his] son's benefits…"

The siblings moved for summary judgment, asserting that, due to her conviction, Ms. Sampson should be precluded by Tennessee Code Annotated section 31-1-106 from recovering any of the policy proceeds; the court granted the motion. That ruling is not at issue in this appeal.

After a hearing on February 2, 2016, the Court entered an order concluding, in pertinent part, that "it is an inequitable resolution for the proceeds to be paid to Defendant Lynn Clark Meeks as said payment would allow Defendant Tiffany Dawn Sampson to be eligible to receive benefits in circumvention of the Slayer Statute." The court ordered that the "proceeds . . . be paid out to the appointed personal representative of the Estate of Adrian Louis Maldonado."

Ms. Meeks appeals, asking this Court to determine "whether the trial court erred in finding that it would be inequitable for Lynne Clark Meeks, the named beneficiary, to receive the proceeds of the life insurance policy." She argues that "[t]here is no dispute that Ms. Sampson has forfeited her right to inherit under the 'Slayer Statute.' If Ms.

---

[2] Tennessee Code Annotated section 31-1-106, commonly referred to as the "Slayer Statute," reads:

> Any person who kills, or conspires with another to kill, or procures to be killed, any other person from whom the first named person would inherit the property, either real or personal, or any part of the property, belonging to the deceased person at the time of the deceased person's death, or who would take the property, or any part of the property, by will, deed, or otherwise, at the death of the deceased, shall forfeit all right in the property, and the property shall go as it would have gone under § 31-2-104, or by will, deed or other conveyance, as the case may be; provided, that this section shall not apply to any killing done by accident or in self-defense.

Sampson is unable to receive the proceeds, the policy is clear that Ms. Meeks is the primary beneficiary of any insurance proceeds." No other party has participated in this appeal.

We review this case *de novo* upon the record with a presumption of the correctness of the findings of fact. Tenn. R. App. P. 13(d). We review matters of law *de novo* with no presumption of correctness, including our review of a trial court's interpretation of a contract. *Travelers Indem. Co. of Am. v. Moore & Associates, Inc.*, 216 S.W.3d 302, 305 (Tenn. 2007) (citing *Allstate Ins. Co. v. Watson,* 195 S.W.3d 609, 611 (Tenn. 2006)). An insurance contract "'must be interpreted fairly and reasonably, giving the language its usual and ordinary meaning'" and "'should be construed as a whole in a reasonable and logical manner.'" *Moore & Associates*, 216 S.W.3d at 306 (quoting *Naifeh v. Valley Forge Life Ins. Co.,* 204 S.W.3d 758, 768 (Tenn. 2006) and *Standard Fire Ins. Co. v. Chester–O'Donley & Assocs., Inc.,* 972 S.W.2d 1, 7 (Tenn. Ct. App. 1998)).

The Supreme Court interpreted a life insurance policy under similar facts in *Brooks v. Thompson,* 521 S.W.2d 563 (Tenn. 1975). The policy in *Brooks* provided that the contingent beneficiary was to receive the proceeds only if the primary beneficiary was not living at the time of the insured's death. The primary beneficiary killed the insured and the Court was required to determine whether to award the proceeds to the contingent beneficiary, since the primary beneficiary was alive but precluded from recovering because of the operation of Tennessee Code Annotated section 31-207,[3] despite specific language in the policy, or to the estate of the deceased. *Id.* at 564. The Court determined to award the proceeds to the contingent beneficiary, holding that the intent of the insured should control and be given effect and that "[t]he fact that the contingent beneficiary of the proceeds was to receive them only if the primary beneficiary predeceased the insured does not, in our opinion, prevent her taking when a rule of law excludes the primary beneficiary." *Brooks*, 521 S.W.2d at 566.

In the case at bar, the policy permits the insured to change the designation of beneficiary from that set forth in the Rider with another beneficiary by changing the designation "in the application." Ms. Sampson named her mother, Ms. Meeks, as the beneficiary in her application for the insurance policy; this designation replaced the beneficiary named in the rider. Consistent with the holding of *Brooks*, we conclude that the proceeds pass according to the designation executed by Ms. Sampson and be paid to Ms. Meeks.

---

[3] Tennessee Code Annotated section 31-207 is substantially the same as Tennessee Code Annotated section 31-1-106.

For the foregoing reasons, the judgment of the Circuit Court is reversed.

_____

RICHARD H. DINKINS, JUDGE