Waldemar S. KAY, Plaintiff-Respondent,

v.

METROPOLITAN LIFE INSURANCE
COMPANY, Defendant-Appellant.

No. 37768.

Missouri Court of Appeals,
St. Louis District,
Division One.

March 8, 1977.

Fordyce & Mayne, Clayton, Leo V. Garvin, Jr., P. Terence Crebs, St. Louis, for defendant-appellant.

Alfred J. Rathert, Fenton, for plaintiff-respondent.

DOWD, Judge.

Metropolitan Life Insurance Company appeals from the decisions of the trial court adjudging appellant liable for insurance benefits to respondent under the terms of a group insurance policy and awarding respondent the penalty and attorney's fees authorized in Section 375.420, RSMo Supp. 1975.

The parties stipulated that appellant affords respondent and his dependents secondary insurance coverage for hospital, medical, and surgical expenses under Policy Number 15351-G. By virtue of respondent's military service, respondent and his dependents had obtained primary hospital, medical, and surgical insurance coverage under the "Champus" insurance plan. The parties dispute appellant's liability for benefits under Policy 15351-G for the hospital, medical, and surgical expenses of respondent's minor daughter in the years 1972, 1973, and 1974.

In 1972, respondent's daughter incurred hospital, medical, and surgical expenses totalling $2,086.20. The Champus plan paid $1,564.65 (75%) towards such expenses, and respondent claimed benefits under Policy 15351-G for the unpaid balance of $521.59. In 1973, respondent's daughter incurred expenses of $2,146.50, towards which the Champus plan paid $1,609.87 (75%). The respondent claimed benefits under Policy 15351-G for the unpaid balance of $536.63. Respondent's daughter incurred expenses of $1370.49 in 1974. The Champus plan paid $1,027.83 (75%) of these expenses, and respondent claimed benefits under Policy 15351-G for the unpaid balance of $342.66. Appellant denied respondent's claims on the ground that such claims were not in excess of the deductible amount of Policy 15351-G. Appellant did initially pay respondent $104.86, apparently by mistake.

Appellant's first point on appeal is that the trial court erred in not entering a judgment favorable to appellant because appellant was not liable to respondent under the terms of Policy 15351-G. "Covered Medical Expenses" under Policy 15351-G will be reimbursed only to the extent that they exceed the "Deductible Amount." Appellant contends that Policy 15351-G required payments made under the Champus plan to be subtracted from respondent's· medical expenses in order to determine "Covered Medical Expenses." In addition, appellant argues that the "Deductible Amount" for respondent equalled the sum of $100.00 plus any payment made under the Champus plan. Thus, appellant argues that amounts paid under the Champus plan are twice used by Policy 15351-G to reduce benefits owed under the plan.

The provisions of Policy 15351-G pertinent to our decision may be summarized as follows: The insuring clause provides that the insurer will pay, upon proof of the claim, 80% of "Covered Medical Expenses" in excess of the "Deductible Amount." "Covered Medical Expenses" exclude those expenses of the insured for which benefits have been provided under any other medical, surgical, or hospital insurance plan.

"Deductible Amount" is defined as the sum of: (i) the "Basic Deductible Amount", in this case, $100.00 and (ii) the aggregate of benefits provided under any other medical, surgical, or hospital insurance plan. Subsection (ii) also provides that the amount included in "Deductible Amount" for benefits provided under other plans shall not be less than $600 (for hospitalization) and $100 (for surgical expenses) if the insured's other insurance plan is not the employer's basic plan.[1]

■ We believe that the terms of Policy 15351-G are ambiguous insofar as the policy defines "Deductible Amount" and construe the policy under the general rules of construction regarding insurance contracts. Insurance policies are to be given a reasonable construction consonant with the apparent objectives and intent of the parties. *Hamiltonian Federal Sav. and Loan Ass'n v. Reliance Ins. Co.*, 527 S.W.2d 440, 442[2] (Mo.App.1975). Plain language in an insurance policy cannot be used to create an ambiguity where none exists; but if the policy is reasonably susceptible of more than one meaning, the ambiguity will be resolved in favor of the insured. *United States Fidelity and Guar. Co. v. Safeco Ins. Co. of America*, 522 S.W.2d 809, 817[6, 7] (Mo.banc.1975). Although parties to an insurance contract may, by plain language, limit the liability of the insurer to the insured, *MFA Mut. Ins. Co. v. Dunlap*, 525 S.W.2d 766, 769[6] (Mo.App.1975), ambiguities in restrictive or exclusionary clauses are to be construed in favor of the insured. *Allison v. Nat'l Ins. Underwriters*, 487 S.W.2d 257, 262[2] (Mo.App.1972).

■ Subsection (ii) in the clause defining the "Deductible Amount" is ambiguous. The clause provides that "benefits otherwise provided under any other medical, surgical, or hospital group insurance plan" will be included in the "Deductible Amount". However, the clause fails to indicate whether "benefits otherwise provided" refers to unclaimed benefits available under the primary insurance policy or whether the quoted language refers to all benefits paid to the insured under primary coverage.

"Deductible Amount" under Policy 15351-G is susceptible to two possible meanings. One possible meaning is, as appellant argues, that "Deductible Amount" equals the sum of $100.00 plus *any* payments made under the Champus plan. The harsh result of Policy 15351-G given this construction, is that the same amounts excluded under Policy 15351-G are then deducted under Policy 15351-G. The insured can recover under his secondary insurance policy only in the event that benefits paid under primary insurance coverage compensate less than 50% of his medical expenses.

■ Another possible meaning is that "Deductible Amount" equals the sum of $100.00 plus any payments made under the Champus plan *toward* "Covered Medical Expenses" under Policy 15351-G. Under this later construction, payments under the Champus plan would be included in the deductible amount only if benefits under the Champus plan were applied towards expenses covered by Policy 15351-G. If the insured's medical expenses are paid under the Champus plan, and, therefore, not "Covered Medical Expenses" under Policy 15351-G, the payments under the Champus plan would not be deducted as a part of the "Deductible Amount". Payments under the primary insurance policy would be excluded or deducted, but not both excluded and deducted.

■ We believe that the second construction of the clause defining "Deductible Amount" is the proper construction of Policy 15351-G. First, this interpretation of the policy favors the insured, and the court is required to construe ambiguities in favor of the insured. *United States Fidelity and Guar. Co. v. Safeco Ins. Co.*, supra. The construction urged by appellant yields a harsh result that would allow compensation of medical expenses under Policy 15351-G

1. The minimum deduction of $700 would apply to respondent's case if Subsection (ii) applies. Respondent's primary medical insurance plan was the Champus plan, not the employer's basic plan, Blue Cross—Blue Shield.

only if the insured's primary coverage paid less than one half of his medical expenses. Second, this interpretation of Policy 15351-G is consonant with the apparent intent of the parties. *Hamiltonian Fed. Sav. and Loan Ass'n v. Reliance Ins. Co.,* supra. The purpose of including benefits available under different medical insurance plans as a part of the "Deductible Amount" is to prevent Policy 15351-G from becoming the insured's primary medical insurance plan. This purpose is fully accomplished if the primary insurance carrier has already paid the insured under the primary insurance policy, thus eliminating those compensated medical expenses from the "Covered Medical Expenses" of Policy 15351-G. There does not appear to be any reason why payments under the primary insurance policy should be both excluded and deducted in order to prevent the insured from using his secondary insurance policy as his primary insurance policy. Subsection (ii) in the clause defining "Deductible Amount" is obviously meant to apply only in the situation in which the primary insurance carrier has not paid the insured under the primary medical insurance policy.

Because "Deductible Amount" is construed to include the amount of primary insurance coverage benefits only in event that such benefits have not been applied to reduce "Covered Medical Expenses", the trial court was correct in finding appellant liable to respondent under the terms of Policy 15351-G. In 1972, respondent's daughter incurred "Covered Medical Expenses" of $521.59. Appellant must pay benefits equalling the "Insured Proportion" (80%) of $521.59, less the "Deductible Amount" of $100.00. In 1973, respondent's daughter incurred "Covered Medical Expenses" of $536.63. Policy 15351-G requires payment of benefits totalling the "Insured Proportion" of this sum, less the $100 "Deductible Amount". In 1974, respondent's daughter incurred "Covered Medical Ex-

penses" of $342.66. After subtraction of the $100 "Deductible Amount", appellant is required to provide benefits in the "Insured Proportion".

Under Policy 15351-G, appellant owed respondent $232.41 for the year 1972 ($337.27 less the $104.86 payment made to respondent), $349.30 for the year 1973, and $194.13 for the year 1974. Benefits owing total $775.84.[2]

■ Appellant's next two points on appeal are that the trial court erred in granting respondent penalties and attorney's fees under Section 375.420, RSMo Supp.1975. We agree with appellant that Section 375.-420 was improperly applied to appellant and reverse the trial court's order awarding respondent a penalty of $70.00 and attorney's fees of $1,650.00.

Section 375.420, *supra,* provides that if the evidence indicates that an insurance company has refused to pay for the insured's loss without reasonable cause or excuse, the court may, in addition to the amount of recovery under the policy, award damages not greater than 20% of the first $1500 of the loss together with reasonable attorney's fees.

Section 375.420, *supra,* is penal in nature and must be strictly construed. *Housing Authority of City of Clinton ex rel. Evans Electrical Construction Co. v. Baumann,* 512 S.W.2d 436, 440[4] (Mo.App.1974). If there is an open question of fact or law determinative of the insurer's liability, the insurer, acting in good faith, may insist upon a judicial determination of such questions without being penalized therefore. *Cox v. Washington Nat'l Ins. Co.,* 520 S.W.2d 76, 81[5] (Mo.App.1974). Only when the insurance company persists in its refusal to pay after becoming aware that it has no meritorious defense does the insurer become liable for vexatious delay. *Cohen v. Metropolitan Life Ins. Co.,* 444 S.W.2d 498, 506[11] (Mo. App.1969).

**2.** We note that the trial court found appellant liable to the respondent in the amount of $727.87. The trial court's judgment was based upon the figures contained in the petition. Our computations are based upon the figures contained in the "Agreed Statement of Facts" upon which this cause was tried. The trial court's judgment must be modified in accordance with the figures set forth in the "Agreed Statement of Facts."

Appellant was within its rights in forcing a judicial construction of Policy 15351-G. The penalty and attorney's fees available to the insured under Section 375.-420, *supra,* were erroneously applied in this case.

The trial court's order granting respondent $70.00 as penalty and attorney's fees of $1,650.00 under Section 375.420 RSMo Supp.1975 is reversed. The trial court's judgment finding appellant liable to respondent for medical benefits under Policy 15351-G is affirmed in the amount set forth in this opinion.

CLEMENS, P. J., and WEIER, J., concur.