Brad DUNCAN, Plaintiff,

v.

Brent W. RAY, et al.,
Defendant/Respondent,

v.

FARMERS INSURANCE CO., INC.,
Defendant/Appellant.

No. 55381.

Missouri Court of Appeals,
Eastern District,
Division One.

April 18, 1989.

Robert R. Coates, St. Louis, for appellant Farmers.

Mark Belz, St. Louis, for respondent Brent Ray.

Charles E. Fochner, III, St. Louis, for plaintiff Duncan.

KAROHL, Judge.

This case involves an appeal by third party defendant, Farmers Insurance Company, Inc., [Farmers] from an order granting summary judgment for third party plaintiff, Brent W. Ray. The court granted judgment after finding coverage under Farmers' policy of automobile liability insurance and a duty to defend the third party plaintiff. Plaintiff, Brad Duncan dismissed his petition, without prejudice, against defendant Ray after summary judgment was entered on the third party claim. The judgment was for attorney's fees and expenses in defense of Duncan's personal injury suit.

Brent W. Ray was employed by Getty Refining & Marketing as an attendant at an automobile service station. On July 27, 1982, Ray entered the work area of a neighboring station operated by Stewart Enterprises to visit a friend, Brad Duncan. Duncan, who was repairing a vehicle requested Ray to start the engine. Duncan had left the vehicle in gear. When Ray started the engine it moved forward and struck Duncan. Duncan subsequently filed suit against Ray for personal injuries. Ray tendered the defense to Farmers. Farmers, which insured Ray's family automobile,[1] denied coverage and refused to defend. It relied on exclusion (8) in the insurance policy.

Exclusion (8) provides that the policy does not apply "to any non-owned automobile arising out of its use (a) in the automobile business by the insured, or (b) in any other business or occupation of the insured except a private passenger automobile operated or occupied by the named insured or a servant." Both parts of this exclusion limit coverage to private, non-business use of the insured of a non-owned vehicle.

The principles governing a review of summary judgment are laid out in *Sands v. James Clinic & Associates, Inc.*, 668 S.W.2d 273, 275 (Mo.App.1984). In order to withstand a motion for summary judgment there must be no genuine issue of fact in dispute. Also, the prevailing party must prove that as a matter of law it is entitled to summary judgment. *Id.*

Ray argues that the exclusion focuses on the insured's acts, and whether the insured is acting within a business context. Farmers argues the exclusion focuses on the use of the vehicle. We find the exclusion is directed at the status of the insured in relation to the vehicle and find as a matter of law that summary judgment was proper. The casualty does not come under the exclusion.

The relevant portion of the exclusion in dispute excludes coverage for "any non-owned automobile arising out of its use (a) in the automobile business by the insured...." It is agreed that the vehicle was a non-owned automobile. Farmers argues Ray was using the non-owned vehicle which was then being repaired, hence no coverage. The question is, on the facts,

---

1. The automobile liability insurance policy was issued to William Ray, the father of Brent W. Ray. Brent W. Ray is covered by the policy as a "relative of the named insured who is a resident of the named insureds household."

was Ray using the vehicle in the automobile business at the time of the casualty.

Farmers answers, "yes," because the vehicle was being used in the "automobile business." Automobile business is defined in the policy as "selling, repairing, servicing, storing, washing, delivery, testing or parking automobiles, their parts or equipment." Farmers argues Ray concedes Duncan was repairing the vehicle, a business use. It contends Ray assisted Duncan. It concludes the business use of the vehicle included Ray's acts.

Ray responds that he was not repairing the vehicle. He contends he was not engaged in the automobile business when he went to visit Duncan at the garage or when he started the engine. His acts were not done "by the insured" to repair a non-owned vehicle. His status at the time of the accident was not a mechanic, but a visitor who had dropped in to chat with a friend. He incidentally, was asked to start the engine. The fact that Ray was employed at a vehicle service station is irrelevant. He was not employed by the station where Duncan worked.

Farmers urges this court to adopt the view that the exclusionary provision applies if a non-owned automobile that is being used in the "automobile business" is driven by the insured, whether or not the insured at the time was repairing the vehicle. This, however, is not consistent with the exclusion. Whether Ray was starting the engine in an employment situation is relevant. Ray's act was purely gratuitous. It was not a business act by the insured, it was a private act, and the policy was issued to protect the insured from liability for negligent private acts.

The general rule is exclusionary clauses in insurance contracts are to be construed most strongly against the insurer and in favor of the insured. *Citizens Insurance Company of N.J. v. Kansas City Commercial Cartage Inc.*, 611 S.W.2d 302, 307 (Mo. App.1980). This principle along with the more general rule "[i]nsurance policies are to be given a reasonable construction consonant with the apparent objectives and intent of the parties," *Kay v. Metropolitan Life Insurance Company*, 548 S.W.2d 629,

631 (Mo.App.1977) leads to the conclusion: Exclusion (8) only covers those instances where the insured has used a vehicle in his business. This insurance policy was for liability coverage for casualties occurring as a result of the insured's use of automobiles. What the exclusion covers are events where the insured is involved in an automobile casualty in the context of his business use of a vehicle. Exclusion (8)(a) applies to business use "by the insured." Further, our interpretation of the meaning of (8)(a) is consistent with (8)(b) which denies coverage to a non-owned automobile used "in any other business or occupation *of the insured* except a private passenger automobile operated or occupied by the named insured or a servant." (Our emphasis).

The conclusion we reach is supported by another rule. We believe our interpretation is a matter of reasonable construction. However, if the provision is ambiguous we reach the same result. Ambiguities in an insurance policy are resolved in favor of the insured. *Shelter Mutual Insurance Co. v. Brooks,* 693 S.W.2d 810, 812 (Mo. banc 1985).

We find that as a matter of law Brent W. Ray was entitled to summary judgment. Accordingly, we affirm.

CRANDALL, P.J., and CRIST, J., concur.