**Charles M. WELLS, Administrator of the Estate of Ella S. Harris, Deceased, Plaintiff-Respondent,**

v.

**John T. HARRIS, Defendant-Appellant.**

No. 24538.

Kansas City Court of Appeals.

Missouri.

April 3, 1967.

John J. Phillips and Guy G. Rice, Independence, for appellant.

Charles R. Svoboda, Kansas City, for respondent.

SPERRY, Commissioner.

Plaintiff is the administrator of the estate of Ella S. Harris, hereafter referred to as deceased. John T. Harris, defendant, is the surviving husband of deceased who died of gunshot wounds fired from a shotgun in the hands of defendant. There were two insurance policies on the life of deceased in both of which defendant herein was named as beneficiary. Suit thereon was instituted by plaintiff, in two counts. The proceeds, $6,000.00, were paid into court and the insurance companies withdrew. Plaintiff and defendant agreed to litigate the issues between themselves. Summary judgment was entered in favor of plaintiff and the full sum involved, $6,000.00, was awarded to plaintiff. From such judgment defendant appeals.

In plaintiff's petition, filed against the insurance companies (in two counts), he alleged "that on or about May 12th, 1963, Ella S. Harris died as a result of gunshot wounds intentionally inflicted on said date by John T. Harris; that said John T. Harris was charged with the murder of Ella S. Harris, and pleaded guilty to a charge of manslaughter, in the circuit court of Jackson County, Missouri".

Defendant Harris filed answer. He admitted the issuance of the insurance policies. He alleged that he was, on May 12th, 1963, the legal husband of deceased; that she, on that date, died of gunshot wounds; that he was the sole beneficiary of the policies; that deceased died as the result of the accidental, not intentional, discharge of a shotgun. He prayed judgment for the full amount of $6,000.00.

Plaintiff filed "request for admission of facts", pursuant to Rule 59.01, and defendant filed response thereto, under oath. From an examination of these instruments it appears that:

1. Deceased died May 12th, 1963, as a result of a gunshot wound inflicted by a shotgun;

2. Said wound and her death occurred in Kansas City, Jackson County, Missouri;

3. At the time the gun discharged and inflicted the lethal wound, the gun was in the possession of, and was being held by defendant;

4. Defendant denied that he was thereafter charged with first degree murder;

5. Defendant pleaded guilty to a charge of manslaughter for the killing of deceased and was sentenced and paroled;

6. Plaintiff and defendant were legally married but were separated and not living in the same household when the lethal wound was inflicted on deceased;

7. At the time the wound was inflicted on deceased, a divorce action was pending between defendant and her;

8. Defendant denied that the gun was intentionally discharged thereby causing the death of the deceased.

Thereafter, plaintiff filed his first amended petition wherein it was alleged that Ella Harris died of gunshot wounds inflicted upon her by defendant; that defendant was thereafter charged with murder and that he pleaded guilty to the charge of manslaughter "and was convicted". He also pleaded other facts, heretofore mentioned, relative to the issuance of the insurance policies, the payment of the proceeds thereof into the court, that defendant was not legally entitled to the proceeds of the policies because he caused deceased's death and was thereafter charged with it and pleaded guilty to manslaughter.

Defendant filed no answer to the amended petition. Plaintiff moved for summary judgment, alleging that, under the pleadings and undisputed facts herein, defendant, as a matter of law, has no right, title or interest in the proceeds of the policies, and prayed for judgment awarding said proceeds to plaintiff. Defendant filed "sugges-

tions" in opposition to the motion. He filed no deposition or affidavit.

Plaintiff contends that, since defendant admitted that deceased died of wounds caused by the discharge of a shotgun held by him at the time, and since he pleaded guilty to a charge of manslaughter based thereon upon which plea he was sentenced and since defendant offered no evidence challenging said facts, the judgment was properly entered.

In Brummet v. Livingston, Mo.App., 384 S.W.2d 101, 103, we held that a summary judgment may be entered *only* when the party seeking it shows, by *unassailable proof*, that he is entitled to judgment *as a matter of law*. The proof submitted should leave no room for controversy and *should show, affirmatively, that the other party would not be entitled to recover under any discernible circumstances*.

 Our duty is the equivalent of reviewing a court tried or equity case and, eventually, of resolving the question of the sufficiency of the evidence to support the summary judgment and, finally, if necessary, of entering such judgment as should have been given. Brown v. Prudential Insurance Co., (S.L.Mo.App.), 375 S.W.2d 623, 628. A summary judgment may be entered after the pleadings are filed and the issues made up.

Manslaughter is defined (all references are to R.S.Mo.1959 and V.A.M.S.) by Section 559.070 as follows:

"Every killing of a human being by the act, procurement or culpable negligence of another, not herein declared to be murder or excusable or justifiable homicide, shall be deemed manslaughter".

Justifiable and excusable homicide are defined in Sections 559.040, and 559.050. Specific situations and conditions constituting manslaughter are set out in Chapter 559. The punishment for the crime of manslaughter is prescribed in Section 559.-140.

"Persons convicted of manslaughter shall be punished by imprisonment in the penitentiary for not less than two nor more than ten years, or by imprisonment in the county jail not less than six months, or by a fine not less than five hundred dollars, or by both a fine not less than one hundred dollars and imprisonment in the county jail not less than three months."

Defendant says that, under the statutes of Missouri, "manslaughter may be intentional homicide or it may be a crime of culpable negligence". A reading of the statutes establishes the truth of that statement. It is also true, as defendant says, that plaintiff, in his motion for summary judgment, relied wholly upon the fact that defendant pleaded guilty to manslaughter as barring his right of recovery upon the insurance policies. Defendant does not contend that he may recover if the killing in this case was an intentional homicide as distinguished from one due to culpable negligence.

 It is now well established in the law of Missouri that one who takes the life of another "without lawful provocation or excuse", i. e., intentionally, can not benefit from such wrong by inheriting property from such deceased or otherwise participating in the benefits of decedent's estate. See In re Laspy's Estate (McCallop v. Laspy), Mo.App., 409 S.W.2d 725; Barnett v. Couey, 224 Mo.App. 913, 27 S.W.2d 757 and Perry v. Strawbridge, 209 Mo. 621, 108 S.W. 641, 16 L.R.A.,N.S., 244. It appears that Missouri courts have not been called upon to apply the principles laid down in the foregoing cases to the beneficiary under an insurance policy on the life of a deceased killed by the beneficiary. However, the federal courts in Missouri have applied these principles to defeat recovery by such a beneficiary. See Connecticut Fire Insurance Co. v. Ferrara,

**346**

8 Cir., 277 F.2d 388; Minnesota Mutual Life Insurance Co. v. James, D.C., 202 F. Supp. 243; General American Life Insurance Co. v. Cole, D.C., 195 F.Supp. 867 and 29 Am.Jur. Insurance, Section 1643 page 725.

■ If the record in this case showed that defendant did in fact plead guilty to a charge of intentionally killing deceased, then, under the principles laid down in In re Laspy's Estate (McCallop v. Laspy), Mo.App., 409 S.W.2d 725, supra, and other authorities cited in the foregoing paragraph, he could not recover the proceeds of the insurance policies here in issue. If, on the other hand, defendant was in fact charged with and entered his plea of guilty to, some form of unintentional homicide such as manslaughter by culpable negligence, then we are faced with an entirely different problem.

■ The facts as to the crime with which defendant was charged and the nature of the crime of manslaughter to which he entered his plea of guilty are not developed in the record before us, in spite of the obvious fact that evidence thereof in the form of court records in the criminal case are readily available. Plaintiff alleges that defendant was charged with murder and defendant denied under oath that he was charged with first degree murder. Thus we are left to speculate as to what the true facts are, and if we were to attempt to decide the issue submitted by the parties we would be forced to reach our decision on a purely hypothetical basis. This we decline to do.

In this situation plaintiff has not shown by unassailable proof that he is entitled to judgment as a matter of law and the trial court erred in granting summary judgment in this state of the record with such a glaringly unresolved fact issue.

The judgment is therefore reversed and the cause remanded.

MAUGHMER, C., concurs.

PER CURIAM:

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court.

All concur.