Charles M. WELLS, Administrator of the Estate of Ella S. Harris, Deceased, Plaintiff-Respondent,

v.

John T. HARRIS, Defendant-Appellant.

No. 24933.

Kansas City Court of Appeals.

Missouri.

Oct. 7, 1968.

Rehearing Denied Dec. 2, 1968.

Phillips, Rice & McElligott, Independence, for appellant.

Charles R. Svoboda, Kansas City, for respondent.

JAMES W. BROADDUS, Special Commissioner.

This is the second appeal by the defendant in this case. In the first appeal the question was whether the trial court was justified in entering a summary judgment in favor of plaintiff. Our former opinion is reported in Mo.App., 414 S.W.2d at page 343.

Plaintiff is the administrator of the Estate of Ella S. Harris, hereafter referred to as deceased. John T. Harris, defendant, is the surviving husband of deceased who died of gunshot wounds fired from a shotgun in the hands of defendant. There were two insurance policies on the life of deceased in both of which defendant herein was named as beneficiary. Suit thereon was instituted by plaintiff, in two counts. The proceeds, $6000, were paid into court and the insurance companies withdrew. Plaintiff and defendant agreed to litigate the issues between themselves.

In our former opinion we said:

"Plaintiff contends that, since defendant admitted deceased died of wounds caused by the discharge of a shotgun held by him at the time, and since he pleaded guilty to a charge of manslaughter based thereon upon which plea he was sentenced and since defendant offered no evidence challenging said facts, the judgment was properly entered.

\*　\*　\*　\*　\*　\*

"It is now well established in the law of Missouri that one who takes the life of another 'without lawful provocation or excuse', i. e., intentionally, can not benefit from such wrong by inheriting property from such deceased or otherwise participating in the benefits of deceased's estate. In re Laspy's Estate (McCallop v. Laspy), Mo.App., 409 S.W.2d 725; Barnett v. Couey, 224 Mo.App. 913, 27 S.W.2d 757 and Perry v. Strawbridge, 209 Mo. 621, 108 S.W. 641 \* \* \*. It appears that Missouri courts have not been called upon to apply the principles laid down in the foregoing cases to the beneficiary under an insurance policy on the life of a deceased killed by the beneficiary. However, the federal courts in Missouri have applied these principles to defeat recovery by such a

beneficiary. See Connecticut Fire Insurance Co. v. Ferrara, 8 Cir., 277 F.2d 388; Minnesota Mutual Life Insurance Co. v. James, D.C., 202 F.Supp. 243; General American Life Insurance Co., v. Cole, D.C., 195 F.Supp. 867, and 29 Am.Jur. Insurance, Section 1643 page 725.

"If the record in this case showed that defendant did in fact plead guilty to a charge of intentionally killing deceased, then, under the principles laid down in In re Laspy's Estate (McCallop v. Laspy), Mo.App., 409 S.W.2d 725, supra, and other authorities cited in the foregoing paragraph, he could not recover the proceeds of the insurance policies herein issue. If, on the other hand, defendant was in fact charged with and entered his plea of guilty to, some form of unintentional homicide such as manslaughter by culpable negligence, then we are faced with an entirely different problem.

"The facts as to the crime with which defendant was charged and the nature of the crime of manslaughter to which he entered his plea of guilty are not developed in the record before us, in spite of the obvious fact that evidence thereof in the form of court records in the criminal case are readily available. Plaintiff alleges that defendant was charged with murder and defendant denied under oath that he was charged with first degree murder. Thus we are left to speculate as to what the true facts are, and if we were to attempt to decide the issues submitted by the parties we would be forced to reach our decision on purely a hypothetical basis. This we decline to do."

After the remand of the cause, plaintiff by leave filed his Second Amended Petition and his Motion for Summary Judgment in which he set forth, among other things that:

1. Ella S. Harris, deceased died on May 12, 1963, as a result of gunshot wounds intentionally inflicted upon her by the defendant, John T. Harris.

2. That said John T. Harris was charged in the Circuit Court of Jackson County, Missouri with unlawfully, willfully, feloniously, premeditatedly and of malice forethought making an assault upon said Ella Sue Harris with a dangerous weapon and inflicting a mortal wound causing her death, and did thereafter (and during his trial on said charge) plead guilty to a reduced charge of manslaughter.

3. The court records show that during the course of trial of defendant, the Prosecutor, by leave of Court, reduced the charge against John Harris from murder to manslaughter and the defendant pleaded guilty to the reduced charge; that no amended information was filed charging Harris with manslaughter by culpable negligence; and that the charge was reduced to manslaughter *within* the murder information.

4. That Harris therefore pleaded guilty to willful, premeditated and malicious (intentional) manslaughter and is therefore not entitled to recover the proceeds of insurance under the policies.

The Motion for Summary Judgment is accompanied by proper affidavit of plaintiff's counsel and the following:

(a) Affidavit of Lloyd DeGraffenreid, Kansas City, Missouri Police Department detective attaching the signed confession of John T. Harris.

(b) The duly authenticated copy of the Information filed in case No. C–32749 in the Circuit Court of Jackson County, Missouri entitled State of Missouri v. John Tolliver Harris revealing that defendant Harris was charged with the intentional killing of Ella Sue Harris.

(c) Certified partial transcript of proceedings in Division No. 11 of the Circuit Court of Jackson County, Missouri showing that Harris pleaded guilty to a reduced charge of manslaughter within the Information.

(d) Certified copy of Judgment and Sentence.

Defendant's Suggestions in Opposition to Plaintiff's Motion for Summary Judgment do not controvert the correctness of the records filed in support of Plaintiff's Motion but merely object to their sufficiency and admissibility. Defendant's Affidavit dated September 6, 1967, challenges the accuracy of defendant's signed confession and claims defendant is innocent of intentionally killing but does not challenge the authenticity of the records filed in support of Plaintiff's Motion.

The trial court found that "even without the confession, and disregarding it completely, * * * the record now shows that defendant did in fact plead guilty to a charge of intentionally killing the deceased; that the facts as to the crime with which defendant was charged and the nature of the crime of manslaughter to which he entered his plea of guilty are now developed in the record; and that the glaringly unresolved fact issue has been resolved, all in accordance with the Opinion of the Court of Appeals in 414 S.W.2d 343; and that therefore, under the principles laid down in In re Laspy's Estate (McCallop v. Laspy), Mo. App., 409 S.W.2d 725, defendant cannot recover the proceeds of the insurance policies here in issue.

"The pleadings and admissions on file show there is no genuine issue as to any material fact and plaintiff is entitled to judgment as a matter of law."

With that conclusion your Special Commissioner agrees and recommends that the judgment be affirmed.

PER CURIAM.

The foregoing opinion by JAMES W. BROADDUS, Special Commissioner, is hereby adopted as the opinion of the Court and the judgment is affirmed. All concur.