Jessie L. BRADLEY,
Plaintiff-Respondent,

v.

Mary Lee BRADLEY,
Defendant-Appellant.

No. 39567.

Missouri Court of Appeals,
St. Louis District,
Division One.

Sept. 5, 1978.

Wilson Gray, St. Louis, for defendant-appellant.

Daniel P. Reardon, Jr., St. Louis, for plaintiff-respondent.

Thomas, Bussee, Goodwin, Cullen & Clooney, St. Louis, for Heritage Ins. Co.

SMITH, Judge.

Defendant, Mary Bradley, appeals from the action of the trial court in sustaining a motion for summary judgment in favor of plaintiff Jessie Bradley, administratrix of the estate of Oscar L. Bradley, and entering judgment against defendant and in favor of plaintiff.

Plaintiff brought the action to recover proceeds from a policy of life insurance on the life of Oscar L. Bradley issued by American Heritage Insurance Company. The petition alleged that plaintiff was the administratrix of the estate of Oscar; that Mary was the wife of Oscar and the named beneficiary of the policy on Oscar's life; that Oscar died as a result of gunshot wounds inflicted by Mary; that Mary was convicted of the murder of Oscar; that Mary was not as a matter of law entitled to the proceeds of the policy. American Heritage answered by admitting all the allegations of plaintiff's petition and filed a counterclaim and cross-claim for interpleader; American Heritage paid the proceeds into court and was discharged.

Mary filed a motion to dismiss Jessie's petition for failure to state a cause of action. She also filed an answer to American Heritage's cross-claim in interpleader in which she admitted she was the named beneficiary and that she and Jessie had made claims against the insurance company. By cross-claim against Jessie, Mary sought payment of the insurance proceeds as named beneficiary. She alleged that Oscar died from gunshot wounds. Jessie then filed a motion for summary judgment. The court, following the granting of Mary's petition for change of judge,[1] denied her motion to dismiss plaintiff's petition, dismissed Mary's cross-claim, and granted plaintiff's motion for summary judgment. The record does not support the action of the court.

It is to be noted that Mary never filed an answer in the cause because her motion to dismiss was not ruled on until the time the court granted the motion for summary judgment. We find no allegations or admissions by Mary that she was convicted of or pled guilty to the murder of her husband. Nor, does the record indicate that the trial court had before it evidence of such a conviction or even that it took judicial notice of such a conviction. Under either circumstance, the record should so reflect. Plaintiff's motion for summary judgment contains no affidavit of such fact nor is the motion itself verified. The motion does not prove itself. The answer of the insurance company admitting that Mary murdered her husband is not binding on

---

1. This motion was based upon an allegation that the assigned trial judge had previously presided in the division where Mary's criminal case was disposed of.

Mary. There is simply nothing in the record in the trial court upon which to make a determination that Oscar was murdered by Mary. That is the fact foundation upon which plaintiff's case depends.[2]

The parties have discussed at length in this court the impact of evidence that Mary was convicted of second degree murder. We find there is no such evidence. We presume the failure to introduce the necessary documentary evidence to support the summary judgment was an oversight. In an effort to preclude another appeal, we summarize briefly our conclusions on the merits.

■■■ If Mary is guilty of the intentional killing of the insured without legal excuse or justification, she is not entitled to benefit from her wrong and is not entitled to the insurance proceeds. *In re Estate of Laspy,* 409 S.W.2d 725 (Mo.App.1966); *Wells v. Harris,* 414 S.W.2d 343 (Mo.App.1967); *Wells v. Harris,* 434 S.W.2d 783 (Mo.App. 1968). Murder in either the first or second degree is an intentional killing without legal excuse or justification. Manslaughter may or may not be an intentional killing and if the requisite mental element of intent is missing and the killing is based upon non-intentional culpable negligence, such a conviction would not necessarily bar recovery of the insurance proceeds. *Wells v. Harris, supra,* 414 S.W.2d [4]. The judgment of conviction of second degree murder alleged in the motion for summary judgment if established would be conclusive of the facts adjudicated and would be conclusive evidence that Mary intentionally and without legal excuse or justification killed her husband and would not be subject to collateral attack in this litigation. *State v. Laspy, supra.* Our reversal here is based upon the inadequacy of the record made below and is not a holding that the trial court is precluded from entering a summary judgment if a proper record establishes the absence of any genuine issue of fact. *See Wells v. Harris, supra,* 434 S.W.2d 783.

2. We note also in passing that the record does not establish that plaintiff is in fact administra-

Judgment reversed and cause remanded for further proceedings.

CLEMENS, P. J., and McMILLIAN, J., concur.

trix and that no contingent beneficiaries are specified in the policy.