This appeal involves title to certain joint savings accounts and the construction of a provision in a will.
The case was tried on the following stipulation of facts:
". . . .
 "1. That Grace R. Windham Glass and Edward O. Glass were husband and wife, having been married in July of 1977.
 "2. That Grace R. Windham Glass died on February 16, 1978.
 "3. That Edward O. Glass was indicted for the murder of Grace R. Windham Glass and was convicted of the said murder on November 1, 1978, in the Circuit Court of Chilton County, Alabama.
 "4. That Grace R. Windham Glass died testate; that her Last Will and Testament was executed by her on or about the 9th day of February, 1978, and was admitted to probate in the Probate Court of Chilton County, Alabama, on the 28th day of April, 1981. . . .
 "5. That at the time of her death, Grace R. Windham Glass was possessed of title to, or held an interest in, certain saving certificates and/or certificates of deposit which also included thereon the name of Edward O. Glass, all of said certificates being further described as follows:
 Certificate no. E1433 — First Federal Savings 
Loan Association of Chilton County issued for $15,400.00 on August 20, 1974, and appearing on its face to be in the name of Grace R. or Edward O. Glass.
 Certificate no. E 1432 — First Federal Savings 
Loan Association of Chilton County — issued for $12,300.00 on August 20, 1974, and appearing on its face to be in the name of Grace R. or Edward O. Glass.
 Certificate no. 16282 — Jefferson Federal Savings Loan Association — issued for $1,000.00 on August 20, 1970, and appearing on its face to be in the name of Mrs. Grace R. Glass or Mr. Edward O. Glass.
 Certificate no. 16285 — Jefferson Federal Savings Loan Association — issued for $1,000.00 on August 20, 1970, and appearing on its face to be in the name of Mrs. Grace R. Glass or Mr. Edward O. Glass.
 Certificate no. 3091 — The Peoples Savings Bank — issued for $2,000.00 on January 25, 1978, and appearing on its face to be in the name of Mr. or Mrs. Edward Glass.
 Certificate no. 809590 — City Federal Savings 
Loan Association — issued for $6,000.00 on October 25, 1977, and appearing on its face to be in the name of Grace R. Glass or Edward O. Glass. Savings account no. 01-05-100121 — Jefferson Federal Savings Loan Association — presently containing the balance for proximately $2,000.00 plus interest earned and appearing on its face to be in the name of Mrs. Grace R. Glass or Mr. Edward O. Glass. [Note that of the seven deposits at issue, six are held by savings and loan associations. Only one deposit, certificate no. 3091, is held by a bank.]
 "6. That the aforedescribed certificate[s] and/or accounts were purchased by the said Grace R. Windham Glass prior to her marriage to the said Edward O. *Page 846 
Glass and that subsequent to their marriage said certificates and/or accounts were changed or reissued to show alternate ownership thereof as indicated in the preceding paragraph.
 "7. That said Last Will and Testament . . . . provided, as to the disposition of the property of the said Grace R. Windham Glass as follows:
 `2. I hereby give, devise and bequeath all of my property both real, personal and mixed, wheresoever situated or located, seized and possessed by me or to which I may be entitled to at the time of my death to my beloved husband, Edward O. Glass.
`. . . .
 `4. In the event my husband, Edward O. Glass, predecease me, then I give, devise and bequeath unto my nephew, Earnest [sic] Glass, all of my property, or interest therein, whether real, personal or mixed, and wherever situated.'
". . . .
 "9. That Grace R. Windham Glass was survived by no children or their descendents [sic] and was not survived by her father or mother, and that she was survived by the following heirs at law, all of whom are over the age of 19 years and are of sound mind: [names omitted]."
Relying on these facts, Cilla Atkins, the administratrix of Mrs. Glass's estate, joined with Mrs. Glass's other heirs at law in a declaratory judgment action against Edward Glass, Ernest Glass, and the bank and savings and loan associations which held the deposits. All parties agreed that the bank and savings and loan associations which held the deposits were named merely as stakeholders.
The plaintiffs maintained that the deposits should descend to them as in the case of intestacy because Edward, having been convicted of murdering his wife, was barred from participating in the ownership of the deposits. The plaintiffs also asserted that neither Edward nor his nephew Ernest could inherit under Mrs. Glass's will. The plaintiffs claimed that Edward was disqualified by his wrongful act and that Ernest could take nothing since his inheritance was contingent upon the condition that Edward predecease the testatrix.
The trial court acceded to each of the plaintiffs' contentions and ordered that Mrs. Glass's property descend to the plaintiffs as in the case of intestacy.
The first issue presented is whether Edward should be precluded from taking the deposits. In our opinion, the trial court reached the correct result by barring Edward from all incidents of ownership.
Sections 5-16-1 through -53, Code 1975, govern savings and loan associations. Section 5-16-45 provides that when a deposit is made in a savings and loan association
 "in the names of two persons, payable to either of such persons, or payable to the survivor of them, the said deposit shall, upon the death of either of said persons, become the property of and be paid in accordance with its terms to the survivor. . . ."
Code 1975, § 5-5A-41, contains an analogous provision for bank deposits, allowing the bank to pay the deposit to the survivor of a joint account. While this section does not purport to convey title to the deposit, we do not find it necessary to reach the question of ownership in this case.
Edward contends that he is entitled to the deposits as the surviving joint owner, or at least that to deprive him of a half interest would work a forfeiture. We find, however, that to permit Edward to take any of these deposits would allow him to profit from his wrongful act. Had he not killed Grace, she might have survived him and thereby owned the deposits. At the very least, he accelerated his survivorship of her. Moreover, she might have withdrawn the deposits if he had not killed her.
It is axiomatic that one is not allowed to profit by his wrongful acts. Kempaner v. Thompson, 394 So.2d 918 (Ala. 1981);Weaver v. Hollis, 247 Ala. 57, 22 So.2d 525 (1945). Because there are several circumstances in which Edward would have taken nothing if he had not killed Grace, we agree with the trial court's conclusion that to give Edward *Page 847 
any of the bank deposits would allow him to profit by his wrongful act.
The remaining question is whether the contingent beneficiary in Mrs. Glass's will, Ernest Glass, can inherit her estate. Certainly, Edward, the primary beneficiary, must not profit from his wrong by taking under the will. The trial court, however, decided to also prohibit the contingent beneficiary from inheriting. The trial court ruled that the contingent devise was never activated because the condition upon which the contingent beneficiary would take — that the testatrix outlive the primary beneficiary — did not occur. We disagree.
Such strict compliance with the condition should not defeat the presumption that the testatrix intended to die testate.
 "In connection with the procedure relating to the interpretation of wills, certain legal principles have been educed. . . . Prominent among these principles, and considered as an aid to assist and guide the judicial mind in discovering the intention of the maker of a will, is the presumption that the testator intended to dispose of his entire estate; or, stated negatively, it is not to be presumed that the testator intended to die intestate as to any portion of his property, unless the contrary intention is so plain as to compel a different conclusion. Arrington v. Brown, 235 Ala. 196, 178 So. 218, and cases cited."
Baker v. Wright, 257 Ala. 697, 60 So.2d 825 (1952).
Additionally, wills should be construed to uphold rather than to defeat devises and bequests. First National Bank ofBirmingham v. Klein, 285 Ala. 505, 234 So.2d 42 (1970). As we see it, the contingent devise was inserted in the will to insure against intestacy should the primary beneficiary, Edward, be unable to take. We construe the condition that the primary beneficiary predecease the testatrix as merely the one event envisioned by the testatrix in which the primary devise would fail. The fact that the primary devise failed for a reason other than that foreseen by the testatrix should not defeat the contingent devise, especially where we must presume that the testatrix did not intend to die intestate.[1]
In view of the foregoing, we hold that the contingent beneficiary, being totally unconnected with the murder of Mrs. Glass, may inherit as provided in her will.
The judgment of the trial court is hereby affirmed in part, reversed in part, and remanded with directions that a judgment be entered in accordance with the views expressed in this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS.
TORBERT, C.J., and FAULKNER, EMBRY and ADAMS, JJ., concur.
[1] Mrs. Glass's will contained no residuary clause. Beyond the contingent beneficiary, the will named no other takers. The decision of the trial court brings about intestacy.