Vera BAKER, Jimmy Brown, Verla
Mae Westmoreland and Thomas J.
Holland, Plaintiffs-Appellants,

v.

Robert Scott MARTIN, Robert E. Martin,
Robert Scott Martin, Jr., Shannon Earl
Martin, Dale Earl Martin, Kimberly
Martin, and Berkley Martin, William C.
Morgan, the unknown heirs, etc., De-
fendants-Respondents.

No. 14108.

Missouri Court of Appeals,
Southern District,
Division Two.

May 5, 1986.

John A. Michener, Kathi L. Chestnut,
Evans & Dixon, St. Louis, for plaintiffs-ap-
pellants.

William C. Morgan, Waynesville, Darrell
Deputy, Jr., Lebanon, for defendants-re-
spondents.

MAUS, Judge.

The testatrix devised the residue of her
estate equally to those of three named per-
sons who survived her by 30 days. One of
those three named persons was convicted
of the capital murder of the testatrix. The
trial court declared the residue passed to
the other two of the three named persons.
The heirs at law of the testatrix appeal.

This action of the appellant heirs at law
was submitted to the trial court upon a
stipulation of facts. The critical facts es-
tablished by that stipulation are the follow-
ing.

The testatrix was married to Earl F.
Martin who predeceased her. The date of
his death is not shown by the stipulation,
but it was apparently after November 9,
1979, the date the testatrix executed her
will. The testatrix died on May 16, 1981.
Her will of November 9, 1979 was admitted
to probate and is established as her will.

By that will the testatrix devised her
estate to her husband, Earl F. Martin, if he
survived her for 30 days. By paragraph
Third she declared: "I have no living chil-
dren or lineal descendants, and I declare
that I have intentionally omotted [sic] from
this will all persons, whether related to me
by blood or marriage, who are not men-
tioned herein." By paragraph Fourth, if
Earl F. Martin did not survive her for 30
days, testatrix provided two general devis-
es. She devised "1,000.00 each to my hus-
band's granddaughters, Kimberly Martin

and Berkley Martin, who survives me by thirty (30) days." By paragraph Fifth, if Earl F. Martin did not survive her for 30 days, she devised "$5,000.00 unto my step-son, Dale Earl Martin, if he survives me by thirty (30) days; ...." She devised the residue of her estate by paragraph Sixth which provided:

If my husband, Earl F. Martin, does not survive me by thirty (30) days then I give, devise and bequeath all of the rest, residue and remainder of my estate, real, personal or mixed, wheresoever situated, which I may own at the time of my death or to which I may thereafter become entitled, equally unto those of the following three persons who survive me by thirty (30) days: my step-son, Robert Scott Martin, and Robert Scott Martin, Jr. (son of my said step-son, Robert Scott Martin), and Shannon Earl Martin (son of my said step-son, Robert Scott Martin).

As stated, Earl F. Martin predeceased the testatrix. Earl F. Martin's son, Robert Scott Martin and his children, Robert Scott, Jr., aged nine, and Shannon Earl, aged three, all survived the testatrix for more than 30 days. Robert Scott Martin was convicted of the capital murder of the testatrix. That conviction has been affirmed. *State v. Martin*, 651 S.W.2d 645 (Mo.App. 1983).

The trial court reached the following conclusions of law. The devise of the residue was a devise to a class. Within the meaning of that devise, Robert Scott Martin did not survive the testatrix for 30 days. The relationship of Robert Scott Martin, Jr. and Shannon Earl Martin to the murderer Robert Scott Martin did not taint their status as devisees. As stated, the trial court declared the residue passed to Robert Scott Martin, Jr. and Shannon Earl Martin.

The appellant heirs do not concede the residue was devised to a class. The respondent devisees acknowledge the general rule is that, absent an intent to the contrary, a devise to named persons is a devise to them individually, and not as a class. See Annot., Wills—Class Gift—Named Beneficiaries, 13 A.L.R.4th 978 (1982).

However, they argue that by reason of paragraph Third and the direction that the survivors of the three named persons are to take, it is established that the devise of the residue was a gift to a class. The nomenclature applied to the devise is immaterial. It is of no consequence the group to take was not subject to the admission of after-born members. See 80 Am.Jur.2d Wills § 1409 (1975). It is clear from the language of the will it was the intent of the testatrix that after her death the residue would vest in those of the three named persons who survived for 30 days. *Estate of Frailey*, 625 S.W.2d 241 (Mo.App.1981).

■ However, from an early date it has consistently been held in this state that one who intentionally and feloniously causes the death of another cannot acquire property by reason of that death. Those decisions include the following applications of that principle. An heir who murders an ancestor cannot take by intestate distribution. *Perry v. Strawbridge*, 209 Mo. 621, 108 S.W. 641 (1908). A surviving spouse guilty of voluntary manslaughter of her husband is barred from receiving a year's support and exempt personal property from his estate. *In Re Estate of Laspy*, 409 S.W.2d 725 (Mo.App.1966). A surviving spouse guilty of a successful conspiracy to murder a husband may not elect to take against his will. *In Re Estate of Danforth*, 705 S.W.2d 609 (Mo.App.1986). When a tenant by the entirety murders his co-tenant, the estate is converted to a tenancy in common and the felonious tenant may not take the deceased co-tenant's share. *Barnett v. Couey*, 224 Mo.App. 913, 27 S.W.2d 757 (1930). A beneficiary who intentionally and feloniously causes the death of an insured may not take under a policy of insurance. *Wells v. Harris*, 434 S.W.2d 783 (Mo.App.1968); *Hopkins v. Metropolitan Life Ins. Co.*, 151 S.W.2d 527 (Mo.App.1941). Further, one holding a reversion may not acquire fee simple title upon intentionally and feloniously causing the death of the holder of the conditional estate. *Eisenhardt v. Siegel*, 343 Mo. 22, 119 S.W.2d 810 (1938). The parties have

not cited and research has not disclosed a decision in this state which specifically considers the status of a devisee who intentionally and feloniously causes the death of a testatrix. However, it is clear that under the principle established in the cases cited above, Robert Scott Martin may not take under the will of Vesta Lee Martin. *Perry v. Strawbridge, supra.* Also see Annot., Homicide—Preclusion from Inheritance, 25 A.L.R.4th 787 (1983).

■ It is an irrelevant exercise in futility to speculate concerning the testatrix's intended disposition in the event Robert Scott Martin murdered her. Obviously, she had formed no such intent. The appropriate question is what consequences will the law impose upon the terms of her will as a result of the testatrix's murder by Robert Scott Martin.

In states not prescribing those consequences by statute, in general, one of three doctrines have been adopted.

These are:

'1. The legal title does not pass to the murderer as heir or devisee.

'2. The legal title passes to the murderer, and he may retain it in spite of his crime.

'3. The legal title passes to the murderer, but equity will treat him as a constructive trustee of the title because of the unconscionable mode of its acquisition, and compel him to convey it to the heirs of the deceased, exclusive of the murderer.'

*In Re Wilson's Will,* 5 Wis.2d 178, 92 N.W.2d 282, 283 (1958). See Annot., 25 A.L.R.4th 787, supra, § 2(a). A variation of the latter doctrine is to declare the beneficiary of the constructive trust to be "the persons most equitably entitled thereto." *In Re Wilson's Will,* supra, at 285. The first doctrine is embodied in § 2–803 of the Uniform Probate Code.

Many cases in this state declare in general terms that a murderer may not profit from his own wrong. E.g. *Perry v. Strawbridge,* supra; *In Re Estate of Laspy,* supra. The doctrine of constructive trust has been said to be applicable to the murder of

a tenant by the entirety. *Barnett v. Couey,* supra.

However, in one of the early decisions it was held an heir acquired no interest in the estate of his intestate ancestor that he murdered. *Perry v. Strawbridge, supra.* The same doctrine was declared to be applicable to the right of reversion created by a conveyance of property subject to reversion if the grantee predeceased the grantor. *Eisenhardt v. Siegel, supra.* In that case the court said, "Under the law laid down for this state in *Perry v. Strawbridge, supra,* the title to the land in the present case would not have reverted to John Eisenhardt upon the death of Herman, ... ." *Id.* at 813.

As noted, *Barnett v. Couey, supra,* in discussion, found the doctrine of constructive trust to be applicable in the event of a murder of a tenant by the entirety. However, the case was not decided on that basis. After noting the constructive trust doctrine the court said, "One must not only be a survivor *in fact* but also a survivor *in contemplation of law." Barnett v. Couey, supra,* at 761.

> Under the authority of *Perry v. Strawbridge, supra,* the husband could not qualify as the legal surviving widower. Therefore there is no survivor directly entitled to take, and the fund descends as if it were formerly held as tenants in common to be distributed according to the statute of descents.

*Id.* at 762. The latter disposition was affirmed in a later case by the Supreme Court: "Under the peculiar circumstances here present, *neither divestiture of interest nor survivorship* exists in contemplation of law, as to either. The fund [property] should go just as provided where there is a common calamity and both tenants die simultaneously." *Grose v. Holland,* 357 Mo. 874, 211 S.W.2d 464, 467 (1948) (emphasis added). This court holds that doctrine prescribes the consequences of the murder of a testatrix by a devisee.

*Life & Cas. Ins. Co. v. Martin,* 603 F.Supp. 281 (E.D.Mo.1985), aff'd. 773 F.2d

**536**

208 (8th Cir.1985), cited by the appellant heirs, does not establish the trial court erred. In that case the court was construing the phrase "if living" as used in an insurance policy. The determination that an alternative secondary beneficiary could not take when the primary beneficiary murdered the insured is not conclusive upon this court. For a decision contrary to *Life & Cas. Ins. Co. v. Martin, supra, see Crawford v. Coleman,* 701 S.W.2d 79 (Tex. App.1985).

■ The appellant heirs also contend the surviving two named persons cannot take because they are children of the murderer. They argue that under several hypothetical circumstances benefit would thereby accrue to the murderer, Robert Scott Martin. However, under the law of this state, Robert Scott Martin, Jr. and Shannon Earl Martin do not take an interest that passed through their father. Robert Scott Martin, Jr. and Shannon Earl Martin take as devisees of the testatrix. The appellant heirs concede the only reason for disqualification of those devisees is their relationship to Robert Scott Martin. "[N]o conviction can work corruption of blood or forfeiture of estate; ...." Mo. Constitution, Art. I, § 30. The relationship of those devisees to their father cannot forfeit an otherwise vested estate. *Perry v. Strawbridge, supra.*

Robert Scott Martin was not "a survivor in contemplation of law." *Barnett v. Couey, supra,* at 761. The judgment of the trial court is affirmed.

PREWITT, C.J., HOGAN, P.J., and CROW, J., concur.