SHORES, Justice.
Marilyn Wilson appeals from a summary judgment in favor of John Lloyd Sides, Jr., on her claim of alleged conversion of checks issued to her by Connecticut Mutual Life Insurance Company (“Connecticut Mutual”).
In April 1986, Mrs. Wilson was recruited to sell insurance for Connecticut Mutual. Sides had told Mrs. Wilson’s husband that Jerry Flippo, general agent for Connecticut Mutual, needed sales agents in the Tuscaloosa area. Upon Mrs. Wilson’s interest being communicated to him, Sides set up a meeting between Mrs. Wilson and Jerry Flippo, at which a contract was signed, together with an application for errors and omissions coverage and an irrevocable power of attorney allowing Flippo to negotiate Connecticut Mutual checks issued to Mrs. Wilson. It was established that Mrs. Wil *481 son did not negotiate any of the checks in question.
During Mrs. Wilson’s employment, paychecks issued to her by Connecticut Mutual were mailed to Flippo in Mobile, along with other agents’ checks. At the request of Flippo, on three to five occasions Sides picked up checks in Birmingham, on his way to Mobile. Flippo negotiated the checks in accordance with the power of attorney, and in turn he issued checks to Mrs. Wilson for lesser amounts, drawn on Southeastern Benefits Association, a company owned by Flippo with Sides serving as vice-president. Sides testified through deposition that he was merely an agent like Wilson, and that he received no compensation and performed no duties as vice-president of Southeastern Benefits Association. Flippo testified through deposition that the monies retained were to cover override charges and office expenses. He further testified that he was the only one who had endorsed and negotiated the checks because he was the only one with the power of attorney.
Mrs. Wilson alleges that none of the deductions were disclosed to her until January 1987, when Connecticut Mutual issued a W-2 form to her showing gross wages paid to her in the amount of $11,052.72 and Southeastern Benefits Association issued a 1099 form to her showing that she had paid it $3,480.33.
Mrs. Wilson sued Sides for conversion of the checks. The trial court granted Sides summary judgment and denied Wilson’s Rule 59, A.R.Civ.P., motion to alter, amend, or vacate the judgment.
Did the trial court err in granting Sides’s motion for summary judgment on Mrs. Wilson’s claim for conversion? We hold that it did not.
We held in McCain v. P.A. Partners Limited, 445 So.2d 271 (Ala.1984), that a paycheck that had not been delivered could not support an action for conversion, because conversion requires the wrongful detention of property in which another has a general or special property right, or an immediate right of possession, and a negotiable instrument, such as a paycheck, has no valid existence until it has been delivered and accepted by the payee.
Mrs. Wilson contends that the delivery requirement was met when the insurance company relinquished possession of the checks (citing Ala.Code 1975, § 7-1-201(14)). Further, she argues that the principle of estoppel would prevent Sides from alleging that the checks had not been delivered to, nor accepted by, Mrs. Wilson, because, she says, his own misconduct prevented a delivery and acceptance (citing Glass v. Adkins, 436 So.2d 844 (Ala. 1983).
We agree that delivery might well have taken place upon Connecticut Mutual’s relinquishing possession of the checks; however, there was no acceptance, and we find no misconduct on the part of Sides.
The only action Sides took concerning the checks was that, at the request of Flippo, he picked up Mrs. Wilson’s checks in Birmingham, along with all the other agents’ checks, and transported them to Flippo in Mobile. This does not constitute conversion. It was Flippo who negotiated the checks in accordance with the power of attorney executed by Mrs. Wilson. Sides testified that he had no knowledge of any wrongdoing, and received none of the money from the checks.
The uncontroverted facts offered below in support of, and in opposition to, the motion for summary judgment, present a question of law appropriate for resolution by summary judgment.
AFFIRMED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.