Vincent V. MUNDWILLER,
Plaintiff/Appellant,

v.

William Francis MUNDWILLER,
Defendant/Respondent.

No. 59157.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 30, 1991.

Gregory D. O'Shea, St. Louis, for plaintiff/appellant.

Gregory Francis Hoffman (Court-appointed), St. Louis, for defendant/respondent.

REINHARD, Presiding Judge.

Plaintiff appeals [1] from an order sustaining defendant's motion to dismiss his first amended petition.[2] Plaintiff's amended petition contested a portion of his cousin's will. We reverse and remand.

Plaintiff's first amended petition alleges that Albert Kriss died leaving a will dated October 11, 1989. The will was admitted to probate in the probate division of the Circuit Court of the City of St. Louis on November 6, 1989. Clause One provided for the payment of testator's debts, funeral expenses, taxes, etc. The will further provided:

> *CLAUSE TWO:* I give, devise and bequeath all of the rest, residue and re-

---

1. Defendant's claim that we do not have jurisdiction is without merit.

2. Plaintiff challenged the entire will in his original petition. Defendant filed a motion to dismiss challenging plaintiff's standing. Before the court ruled on the motion, plaintiff filed his first amended petition.

mainder of my property, real and personal, wherever situated, and whether acquired before or after the execution of this Will, to my cousin, WILLIAM FRANCIS MUNDWILLER, provided he survives me; but if he does not survive me, then I give, devise and bequeath all of said rest, residue and remainder of my property, to my cousin, VINCENT VERNON MUNDWILLER.

CLAUSE THREE : I name my cousin, WILLIAM FRANCIS MUNDWILLER, as Executor of this Will, and I authorize him to administer my estate independently without adjudication, order or direction of any Court, and in case he should die, resign, be disqualified or unable or unwilling to act as such, then I name my cousin, VINCENT VERNON MUNDWILLER as Executor of this Will.

No other bequests were made.

The first amended petition further asked that the portions of the will which "applied to William Mundwiller" be declared void because of the undue influence of William. The plaintiff alleged that he was both a cousin of Kriss and a legatee under the will. Defendant filed a motion to dismiss plaintiff's first amended petition claiming that plaintiff was not an interested party within the meaning of § 473.083.1, RSMo. Supp.1990, and that the will could not be contested in part. The trial court sustained the motion. Plaintiff appeals from this order.

▆ We first note that the trial court's dismissal of an action will be sustained on appeal if any ground supports the motion, regardless of whether the trial court relied on that ground. *Delmain v. Meramec Valley R–III School Dist.*, 671 S.W.2d 415, 416 (Mo.App.1984).

Standing to contest a will is conferred by § 473.083.1, which provides, in part:

Unless any person *interested* in the probate of a will appears within six months after the date of the probate ... or within six months after the first publication

of notice of granting of letters on the estate of the decedent, whichever is later, and, by petition filed with the clerk of the circuit court of the county, contests the validity of a probated will, ... then probate or rejection of the will is binding. (Emphasis added.)

▆ This statute has been interpreted many times. In the case of *First Presbyterian Church of Monett v. Feist*, 397 S.W.2d 728, 733 (Mo.App.1965) it was stated:

The "interest" of one who may contest is not the interest of every busybody or tomdicary [sic] who may not approve of the will. It must be a financial or property interest derived either from inheritance or under a will. The person so contesting must either gain or lose by virtue of the will in question.

*See also Swinney v. Cummings*, 581 S.W.2d 474 (Mo.App.1979); *Danforth v. Danforth*, 663 S.W.2d 288 (Mo.App.1983). These three cases each involve the contest of an entire will. While we find no cases involving a contest of only a portion of a will, we see no reason why the same rules of standing should not apply in such a case. A person has standing to contest a part of a will if that person has a financial or property interest under the clause of the will he contests. He must gain or lose under that clause. Here plaintiff alleges that he is a cousin and that he is a legatee under the will.[3] The plaintiff is an interested party because if that part of the will benefiting William was procured by William's undue influence, Vincent would be the sole legatee under the will.

Defendant argues that even if Vincent has standing, "the doctrine of partial invalidity as codified in Section 473.081 R.S.Mo. 1986 does not authorize a trial court to expunge a portion of a residuary clause of a will when the challenged portion of the residuary clause is inseparable from the rest of the will."

Section 473.081 states:

---

**3.** Plaintiff's bare assertion in his pleadings was that he was a "cousin". He did not specifically plead that he was an heir. While a dismissal might have been warranted had there been no alternative grounds for standing, we find that plaintiff's claim as a legatee under the will was sufficient to provide standing.

When part of a will is not admissible to probate because of fraud, duress, undue influence, mistake, ignorance of the testator of its content, partial revocation, or other cause, the other parts of the will may be admitted to probate under sections 473.073 and 473.083.

Section 473.081 RSMo 1986. This statute was enacted in 1980 and overruled *McCarthy v. Fidelity Nat'l. Bank & Trust Co.*, 325 Mo. 727, 30 S.W.2d 19, 21 (1930), which had held that undue influence by one legatee vitiated the entire will and rendered it invalid in its provisions to other beneficiaries.

Defendant contends that § 473.081 cannot be applied when the challenged clause is inseparable from the remainder of the will. Defendant quotes 79 Am.Jur.2d, *Wills*, § 397, which states:

... the general rule is that parts of a will may be held valid notwithstanding that other parts are invalid on account of undue influence exercised upon the testator, *provided that the parts so affected are separable so that the will remains intelligible in itself if the invalid parts are deleted upon probate.* In other words, the valid portions of the will may stand and be admitted to probate, although other parts are denied probate, or are set aside, as obtained through undue influence, unless the provisions are so interdependent that the valid cannot be separated from the invalid without defeating the general intent of the testator. (emphasis added).

█ It appears to us that the principles which the defendant advances actually support a cause of action for the plaintiff. Defendant argues that if Vincent is successful in showing undue influence, the entire will must be declared invalid because the clauses are inseparable. Defendant contends that the bequest to Vincent is operative only if "William does not survive." Defendant interprets these words to mean that if William did not predecease the testator then Vincent may not take. We disagree. It is a clearly established principle in Missouri law regarding survivorship clauses that "[o]ne must not only be a survivor *in fact* but also a survivor *in contemplation of law.*" *Barnett v. Couey*, 224 Mo.App. 913, 27 S.W.2d 757, 761 (1930).

We believe the effect of a finding of undue influence by a primary beneficiary is analogous to that of the murder of the testator by the primary beneficiary. For example, in *Glass v. Adkins*, 436 So.2d 844 (Ala.1983), the Alabama Supreme Court was confronted with a case where testatrix's husband, the prime beneficiary, had murdered testatrix and was barred from taking because of Alabama's rule that one is not allowed to profit by his wrongful acts. The will stated, "In the event my husband ... predecease me, then I give, devise and bequeath unto my nephew, ... all my property or interest therein, whether real, personal or mixed, and wherever situated." *Glass*, 436 So.2d at 846. "The trial court ruled that the contingent devise was never activated because the condition upon which the contingent beneficiary would take—that the testatrix outlive the primary beneficiary—did not occur." *Glass*, 436 So.2d at 847.

In reversing the trial court's ruling, the court held that strict compliance with this condition "should not defeat the presumption that the testatrix intended to die testate." *Glass*, 436 So.2d at 847. Furthermore, the court ruled that:

[W]ills should be construed to uphold rather than defeat devises and bequests.... [T]he contingent devise was inserted in the will to insure against intestacy should the primary beneficiary, [the husband], be unable to take. We construe the condition that the primary beneficiary predecease the testatrix as merely the one event envisioned by the testatrix in which the primary devise would fail. The fact that the primary devise has failed for a reason other than that foreseen by the testatrix should not defeat the contingent devise, especially where we must presume that the testatrix did not intend to die intestate.

*Glass*, 436 So.2d at 847 (footnote and citations omitted). *See also Baker v. Martin*, 709 S.W.2d 533 (Mo.App.1986).

While the facts of the above case involve a beneficiary who murders the testator, the principle invoked also applies when the beneficiary attempts to obtain property through undue influence. In both instances, the beneficiary, although a survivor in fact, is not a survivor in the contemplation of law.

We conclude that the challenged clause in the Kriss will is separable from the rest of the will such that should the challenged parts be declared invalid the remainder of the document will remain intelligible and not defeat the general intent of the testator.

The judgment of the trial court is reversed and remanded for further proceedings.

STEPHAN and CRANE, JJ., concur.