_____

No. 95-1575WM
_____

State Farm Life Insurance          *
Company,                           *
                                   *
          Plaintiff-Appellee,      *
                                   *
     v.                            *
                                   *
Faye A. Howell;                    *
                                   *
          Defendant,               *
                                   *
Maximillian D. Howell, a           *    Appeal from the United States
Minor; Neldra Moody Flint,         *    District Court for the Western
Co-Guardian of Maximillian D.      *    District of Missouri.
Howell, a Minor, and               *
Conservator of the Estate of       *
Maximillian D. Howell, a Minor,    *
and Appointed as guardian ad       *
litem; Jacqueline Tomlin,          *
Co-Guardian of Maximillian D.      *
Howell, a Minor;                   *
                                   *
          Defendants-Appellants,   *
                                   *
Falisa Howell,                     *
                                   *
          Defendant.               *
_____

          Submitted:  September 14, 1995

             Filed:  February 9, 1996
_____

Before FAGG, FLOYD R. GIBSON, and MAGILL, Circuit Judges.
_____


FAGG, Circuit Judge.


     Charles W. Howell was murdered in 1990.  At the time of his
death, Charles was the insured under a life insurance policy and a
retirement annuity issued by State Farm Life Insurance Company

-1-

(State Farm).  Charles designated his wife, Faye A. Howell, as the primary beneficiary and his son, Maximillian D. Howell, as the contingent beneficiary of both policies.  After Faye was charged with Charles's murder, the Internal Revenue Service (IRS) served State Farm with a levy on Charles and Faye's property to recover their delinquent taxes.  See 26 U.S.C. § 6332 (1994).  State Farm paid the IRS's levy by turning over the retirement annuity proceeds and a portion of the life insurance proceeds (collectively the disputed proceeds).  After a jury convicted Faye of murdering her husband, State Farm filed an interpleader action and deposited the remaining life insurance proceeds with the district court.  Maximillian then counterclaimed contending State Farm should have refused to pay the disputed proceeds to the IRS.  The district court decided State Farm acted properly and dismissed Maximillian's counterclaim.  Maximillian appeals and we affirm.

The IRS may levy on "all property and rights to property" belonging to a delinquent taxpayer.  Id. § 6331(a).  Congress intended the levy power "to reach every interest in property that a taxpayer might have," United States v. National Bank of Commerce, 472 U.S. 713, 720 (1985), including any property in the custody of a third party, 26 U.S.C. § 6332(a) (1994).  "[E]ven if others claim an interest in the property and the taxpayer's interest [is small], the property remains subject to attachment by levy and must be surrendered until ultimate ownership can be resolved."  Congress Talcott Corp. v. Gruber, 993 F.2d 315, 319 (3rd Cir. 1993); see 26 U.S.C. §§ 6343, 7426 (1994) (allowing recovery of erroneously levied property from the IRS).  Thus, if Faye had an interest in the disputed proceeds at the time of the levy, State Farm was required to turn the proceeds over to the IRS.

Maximillian contends Faye never acquired an interest in the disputed proceeds because she was convicted of Charles's murder.  See Baker v. Martin, 709 S.W.2d 533, 535 (Mo. Ct. App. 1986).  Under Missouri law, "[a] beneficiary who intentionally and

-2-

feloniously causes the death of an insured may not [recover the proceeds] under a policy of insurance." Id. at 534.  A beneficiary retains an interest in the proceeds, however, until a court decides the beneficiary killed the insured.  See In re McCarty, 762 S.W.2d 458, 461 (Mo. Ct. App. 1988); Bradley v. Bradley, 573 S.W.2d 378, 379-80 (Mo. Ct. App. 1978); Minnesota Mut. Life Ins. Co. v. James, 202 F. Supp. 243, 245-46 (W.D. Mo. 1962).  Although charged, Faye had not been convicted of murdering her husband when State Farm received the levy.  Because Faye had an interest in the disputed proceeds at the time of the levy, State Farm is "discharged from any obligation or liability to the delinquent taxpayer and any other person [arising from the surrender of the levied property]." 26 U.S.C. § 6332(e) (1994).

Contrary to Maximillian's view, State Farm was not required to incur liability for the delinquent taxes and a fifty percent penalty by refusing to surrender Faye's property to the IRS.  See id. § 6332(d); Allstate Fin. Corp. v. United States, 860 F. Supp. 653, 656-57 (D. Minn. 1994).  We also reject Maximillian's suggestion that State Farm should have filed an interpleader action against the United States rather than complying with the levy. Assuming State Farm could interplead the United States, we fail to see why State Farm should be required to do so.  State Farm properly responded to the IRS's levy, and we affirm the district court's judgment.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-