The HOME INSURANCE COMPANY,
Plaintiff,

v.

James H. BUTLER, Jr., Appellant,

and

Melanie Harvey and Robert C. Hanson, III, Respondents.

No. WD 51776.

Missouri Court of Appeals,
Western District.

May 21, 1996.

1. Unless otherwise noted, all statutory references are to RSMo 1994.

Jon M. Krebbs, Krebbs and Holdsworth, P.C., Liberty, for appellant.

Dennis C. Eckold, Kansas City, for respondents.

Before LAURA DENVIR STITH, P.J., and ULRICH and SMART, JJ.

ULRICH, Judge.

Appellant James Butler appeals the judgment of the trial court in an interpleader action filed pursuant to section 507.060, RSMo 1994, by Home Insurance Company. The trial court granted summary judgment in favor of Respondents, Melanie Harvey and Robert Hanson, and ordered all insurance proceeds deposited with the court to be paid to Respondents. The judgment of the trial court is affirmed.

The facts in this case are not in dispute. On May 5, 1990, Diana Butler, the wife of James Butler, died of gunshot wounds to the head. Mr. Butler was subsequently convicted of the first degree murder of his wife and sentenced to death.

During the pendency of Mr. Butler's criminal prosecution, Home Insurance Co. filed its petition for interpleader and declaratory judgment to determine the proper recipient of proceeds of a life insurance policy issued on the life of Ms. Butler. Bankers Security Life Insurance Society and Travelers Insurance Company filed similar petitions for interpleader regarding two other life insurance policies. The cases were ultimately consolidated in the Circuit Court in Clay County. Mr. Butler was the named primary beneficiary of each of the three policies. Melanie Harvey, Ms. Butler's daughter, was Ms. Butler's only heir, and Robert Hanson, Ms. Butler's brother, was named a contingent beneficiary of the Bankers Security Life Insurance Society policy. All proceeds of each of the three policies were deposited with the circuit clerk's office, and the insurance companies were discharged from the case.

On July 10, 1992, Ms. Harvey and Mr. Hanson filed a motion for summary judgment alleging that Mr. Butler, having been convicted of the first degree murder of Ms. Butler, was barred from receiving the proceeds from insurance policies on her life. They also asserted that Mr. Butler's judgment of conviction was conclusive evidence that he intentionally and without excuse or justification killed his wife and that the judgment of conviction for the murder of his wife is not subject to collateral attack in the interpleader action. On July 23, 1992, the motion for summary judgment was heard by the trial court and denied without prejudice to renew. On August 18, 1992, a motion for reconsideration was filed by Ms. Harvey and Mr. Hanson. It was argued on December 17, 1992, and again denied.

On July 29, 1993, the court, *sua sponte*, ordered the interpleader action removed from the dismissal docket and put on the

inactive docket "pending the decision of appeal in *State v. James Butler.*" Ms. Harvey and Mr. Hanson again filed a motion for reconsideration on August 21, 1995. Mr. Butler filed suggestions in opposition asserting that his evidentiary hearing in his Rule 29.15 postconviction action was pending. On August 31, 1995, following oral argument, the motion for summary judgment was sustained, and the insurance proceeds were ordered to be paid to Ms. Harvey and Mr. Hanson. This appeal followed.

In his sole point on appeal, Mr. Butler argues that the trial court erred in sustaining Respondents' motion for summary judgment based on the theory of collateral estoppel. He claims that he did not have a full and fair opportunity to litigate the issue of whether he intentionally murdered his wife because his Rule 29.15 motion for postconviction relief was still pending.

Summary judgment will be upheld on appeal if the movant is entitled to judgment as a matter of law and no genuine issues of material fact exist. *ITT Commercial Fin. Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 377 (Mo. banc 1993); Rule 74.04(c)(3).

In Missouri, conviction of first or second degree murder of an insured by a named beneficiary of a life insurance policy bars the beneficiary from recovering the proceeds of the policy. *Bradley v. Bradley,* 573 S.W.2d 378, 380 (Mo.App.1978). A judgment of conviction of first or second degree murder is conclusive evidence that the beneficiary intentionally and without legal excuse or justification killed the insured and is not subject to collateral attack in an action to determine the ownership of insurance policy proceeds. *Webb v. Voirol,* 773 F.2d 208, 211 (8th Cir.1985)(applying Missouri law); *Bradley,* 573 S.W.2d at 380. Furthermore, the pendency of an appeal does not eradicate the finality of a judgment of conviction for collateral estoppel purposes. *Webb,* 773 F.2d at 211. *See also Consumers Oil Co. v. Spiking,* 717 S.W.2d 245, 251 (Mo.App.1986).

The parties agree that the facts of this case are not disputed. Mr. Butler was convicted of the first degree murder of his wife, Diana Butler. Thus, as a matter of law, he is not entitled to the insurance proceeds from her policies. Likewise, his pending direct appeal and Rule 29.15 motion for postconviction relief do not eradicate the finality of the judgment of conviction for the purpose of applying the doctrine of collateral estoppel. Mr. Butler is estopped from relitigating the issue of whether he intentionally killed his wife by virtue of his conviction even though his appeals are pending. Ms. Harvey and Mr. Hanson, therefore, are entitled to judgment as a matter of law.

The judgment of the trial court is affirmed.

All concur.